**[ORAL ARGUMENT NOT YET SCHEDULED]**

# No. 23-1179

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

───────────────

### ALON FARHY,

**Petitioner-Appellee**

v.

### COMMISSIONER OF INTERNAL REVENUE,

**Respondent-Appellant**

───────────────

## ON APPEAL FROM THE DECISION OF THE
## UNITED STATES TAX COURT, CASE NO. 10647-21L

───────────────

## BRIEF FOR THE APPELLANT

───────────────

DAVID A. HUBBERT
  *Deputy Assistant Attorney General*

FRANCESCA UGOLINI             (202) 514-3361
JENNIFER M. RUBIN             (202) 307-0524
ROBERT J. WILLE               (202) 514-5573
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

15256057.1

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

**A.    Parties and Amici**.  The parties, intervenors, and amici appearing in the Tax Court and in this Court are Alon Farhy and the Commissioner of Internal Revenue.  There were no amici or intervenors appearing before the Tax Court, and there are no amici or intervenors who have appeared in this Court.

**B.    Rulings Under Review**.  The rulings under review are the Tax Court's decision by Judge L. Paige Marvel, entered on April 18, 2023, and opinion, entered on April 3, 2023, and published at 160 T.C. No. 6.  (*See* JA240–54.)

**C.    Related Cases**.  This case was not previously before this Court or any other appellate court.  Counsel is not aware of any related cases currently pending in this Court or in any other court, as provided in Cir. R. 28(a)(1)(C).

15256057.1

-ii-

# TABLE OF CONTENTS

**Page**

Certificate as to parties, rulings, and related cases ..................................i
Table of contents......................................................................................ii
Table of authorities ............................................................................... iii
Glossary of abbreviations .....................................................................viii
Statement of jurisdiction........................................................................ 1
Statement of the issue............................................................................. 3
Statutes and regulations......................................................................... 3
Statement of the case ............................................................................. 3

      A.    Overview.................................................................... 3

      B.    Statutory background: the IRS's assessment
           authority and the penalties at issue ............................4

      C.    Factual background ....................................................7

      D.    The Tax Court's opinion .................................................8

Summary of argument .............................................................................11
Standing....................................................................................................14
Argument ..................................................................................................14

    The Tax Court erred in holding that Section 6201 does not
    authorize assessment of the Section 6038(b) penalty...................14

      Standard of review ................................................................14

      A.    The broad text of Section 6201(a) includes the
           Section 6038(b) penalty .................................................14

      B.    Section 6201(a)'s role in the Code indicates it
           covers the Section 6038(b) penalty.............................19

      C.    The history of Section 6201 establishes that the
           term "all taxes (including interest, additional
           amounts, additions to the tax, and assessable
           penalties)" should be given a broad reading...............23

15256057.1

-iii-

**Page(s)**

  D. The Tax Court erred in determining that Section
    6201(a) does not apply to Section 6038(b) penalties ... 25

Conclusion ........................................................................................ 32
Addendum ........................................................................................ 33
Certificate of compliance ............................................................... 41

## TABLE OF AUTHORITIES

**Cases:**

*American Hosp. Ass'n v. Azar,*
 983 F.3d 528 (D.C. Cir. 2020) ...................................... 15
*Bostock v. Clayton Cnty.,*
 140 S. Ct. 1731 (2020) ................................................... 17
*Burns v. United States,*
 501 U.S. 129 (1991) ....................................................... 30
*Commodity Futures Trading Comm'n v. Schor,*
 478 U.S. 833 (1986) ....................................................... 29
*Cummings v. Dept. of the Navy,*
 279 F.3d 1051 (D.C. Cir. 2002) .................................... 30
*Farrell v. Commissioner,*
 136 F.3d 889 (2d Cir. 1998) .......................................... 16
*Food & Drug Admin. v. Brown & Williamson Tobacco*
 *Corp.,* 529 U.S. 120 (2000) ........................................... 15
*Gray v. Commissioner,*
 723 F.3d 790 (7th Cir. 2013) ........................................ 16
*Griffin v. Oceanic Contractors, Inc.,*
 458 U.S. 564 (1982) ....................................................... 23
*Int'l Bhd. of Elec. Workers,*
 *Loc. Union No. 474, AFL-CIO v. N.L.R.B.,*
 814 F.2d 697 (D.C. Cir. 1987) ...................................... 25
*Latterman v. United States,*
 872 F.2d 564 (3d Cir. 1989) .......................................... 18
*Motor Fuel Carriers, Inc. v. United States,*
 420 F.2d 702 (Ct. Cl. 1970) .......................................... 18

15256057.1

## Cases (continued):                                                    Page(s)

*Nat'l Fed. of Ind. Bus. v. Sebelius,*
   567 U.S. 519, 546 (2012) ...................................................... 22, 26
*Polselli v. IRS,*
   143 S. Ct. 1231 (2023) ............................................................ 4
*Samantar v. Yousef,*
   560 U.S. 305 (2010) ............................................................... 15
*Smith v. Commissioner,*
   133 T.C. 424 (2009) ................................................................. 5
*Transbrasil S.A. Linhas Aereas v. Dep't. of Transp.,*
   791 F.2d 202 (D.C. Cir. 1986) .............................................. 22
*United States v. Galletti,*
   541 U.S. 114 (2004) ................................................................ 4
*Virgin Islands v. Blumenthal,*
   642 F.2d 641 (D.C. Cir. 1980) .............................................. 28
*Whistleblower 22716-13W v. Commissioner,*
   146 T.C. 84 (2016) ................................................................. 10
*Whitman v. Am. Trucking Ass'ns.,*
   531 U.S. 457 (2001) .............................................................. 28
*Zuza v. Off. of High Rep.,*
   857 F.3d 935 (D.C. Cir. 2017) .............................................. 14

## Statutes:

Internal Revenue Code (26 U.S.C.):
   § 3640 (1939) ..................................................................... 23-24
   § 5000A(g) .......................................................................... 17
   § 5761(a) ........................................................................ 12, 17
   § 5761(a) ........................................................................ 27, 30
   § 6038 ...................................................... 5-6, 11, 13, 19-20, 28
   § 6038(a) ............................................................ 3, 6-7, 17, 20
   § 6038(a)(1) .......................................................................... 5
   § 6038(b) ................................ 1-3, 6-11, 13-14, 16, 18-19, 22, 25-31
   § 6038(b)(1)-(2) ................................................................... 6
   § 6038(b)(2) ....................................................................... 27
   § 6038(b)(2) ....................................................................... 20
   § 6038(c) ......................................................................... 6, 21

**Statutes (continued):**                                                    **Page(s)**

Internal Revenue Code (26 U.S.C.) (cont'd):

§ 6038(c)(3) ............................................................................ 6

§ 6038(c)(4) ............................................................. 7, 20, 27

§ 6048 ................................................................................... 29

§ 6201 ............................... 11-12, 14, 19, 21-24, 26, 28, 30-31

§ 6201(a) ...................................... 4, 6, 8-9, 10-11, 13-20, 22-26, 30

§ 6201(b) .......................................................................... 5, 17

§ 6201(e) ................................................................................ 5

§ 6203 ..................................................................................... 4

§ 6212-15 ............................................................................... 5

§ 6320 ..................................................................................... 4

§ 6321–6327 ........................................................................... 4

§ 6330 ................................................................................. 4, 8

§ 6330(d)(1) ............................................................................ 2

§ 6331–6344 ........................................................................... 4

§ 6601(e) ............................................................................... 18

§ 6662 ..................................................................................... 5

§ 6663 ..................................................................................... 5

§ 6665(a)(2) ............................................................................ 9

§ 6665(b) ................................................................................. 5

§ 6671(a) ................................................................................. 9

§ 6677 ................................................................................... 17

§ 6679 ................................................................................... 17

§ 6686 ................................................................................... 17

§ 6688 ................................................................................... 17

§ 6707 ................................................................................... 17

§ 7122 ..................................................................................... 4

§ 7269 .......................................................... 12, 17, 27, 30

§ 7442 ..................................................................................... 2

§ 7459(c) ................................................................................. 2

§ 7482(a)(1) ............................................................................ 2

§ 7482(b) ................................................................................. 2

§ 7483 ..................................................................................... 2

§ 7701(c) ......................................................................... 10, 15

§ 7806(b) ............................................................................... 18

**Statutes (continued):** **Page(s)**

28 U.S.C.:
  § 2461(a) ................................................................. 9, 13, 20, 27-28

Internal Revenue Code of 1939,
  Pub. L. No. 76-1, 53 Stat. 1 (1939) ................................... 23

Internal Revenue Code of 1954, Pub. L. No. 83-591, 68
  Stat. 730 (1954) ..................................................... 23

Internal Revenue Service Restructuring and Reform Act
  of 1998, Pub. L. No. 105-206, 112 Stat. 685 ................................ 29

Omnibus Budget Reconciliation Act of 1989,
  Pub. L. No. 101-239, 103 Stat. 2106 ............................................ 28

Omnibus Budget Reconciliation Act of 1990,
  Pub. L. No. 101-508, 104 Stat. 1388 ............................................ 28

Pub. L. No. 115-97, Title I, 131 Stat. 2054 (2017) ............................. 29

Small Business Job Protection Act of 1996,
  Pub. L. No. 104-188, 110 Stat. 1755 ........................................... 29

Tax Reform Act of 1986,
  Pub. L. No. 99-514, 100 Stat 2085 ................................................ 28

Taxpayer Relief Act of 1997,
  Pub. L. No. 105-34, 111 Stat. 788 .................................................. 29

**Rules:**

D.C. Circuit Rule
  28(a)(5) ........................................................................... 3

Tax Court Rule
  122 ............................................................................... 8

## Legislative History:                                                    Page(s)

H.R. Rep. No. 83-1337 (1954) ................................................................ 25

S. Rep. No. 83-1622 (1954) ................................................................. 25

S. Rep. No. 97-494, pt. I (1982) ........................................................... 6

-viii-

# GLOSSARY OF ABBREVIATIONS

| Term | Definition |
| --- | --- |
| Commissioner | Appellant Commissioner of Internal Revenue |
| Farhy | Appellee Alon Farhy |
| I.R.C. | Internal Revenue Code (26 U.S.C.) |
| IRS | Internal Revenue Service |
| JA | Joint Appendix |

[ORAL ARGUMENT NOT YET SCHEDULED]

## IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

————————————

No. 23-1179

ALON FARHY,

Petitioner-Appellee

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellant

————————————

## ON APPEAL FROM THE DECISION OF THE UNITED STATES TAX COURT, CASE NO. 10647-21L

————————————

## BRIEF FOR THE APPELLANT

————————————

## STATEMENT OF JURISDICTION

**1.    Jurisdiction in the Tax Court**

On November 5, 2018, and November 12, 2018, the Internal Revenue Service (IRS) assessed civil penalties against Alon Farhy under I.R.C. § 6038(b) (26 U.S.C.) for tax years 2003 through 2010. (JA101; JA105; JA109; JA113; JA117; JA121; JA125; JA129.)  On January 30, 2019, the IRS issued to Farhy a final notice of intent to levy

15256057.1

with respect to the Section 6038(b) civil penalties.  (JA34–37.)  On February 19, 2019, Farhy timely requested a Collection Due Process hearing challenging the proposed levy.  (JA38–45.)  On June 4, 2021, the IRS Independent Office of Appeals issued Farhy a final notice of determination, sustaining the collection action related to the penalties.  (JA27–32.)  On June 9, 2021, Farhy timely petitioned the Tax Court for review of that determination.  (JA5–10.)  I.R.C. § 6330(d)(1).  The Tax Court had jurisdiction under I.R.C. §§ 6330(d)(1) and 7442.

## 2.    Jurisdiction in the Court of Appeals

On April 18, 2023, the Tax Court entered a decision for Farhy, resolving all claims of all parties.  (JA254); *see* I.R.C. § 7459(c).  On July 12, 2023, the Commissioner filed a timely notice of appeal.  (JA255–58.); I.R.C. § 7483.  This Court has jurisdiction under I.R.C. § 7482(a)(1). Venue is proper in this Court because Farhy resided outside the United States when the petition was filed.  (JA6); I.R.C. § 7482(b) (flush language).

-3-

## STATEMENT OF THE ISSUE

Whether the Tax Court erred in holding that the Secretary of the Treasury lacks the authority to assess penalties imposed by Section 6038(b).

## STATUTES AND REGULATIONS

The statutes relevant to this appeal are included in an addendum. Circuit Rule 28(a)(5).

## STATEMENT OF THE CASE

### A.    Overview

Alon Farhy willfully failed to report his interests in foreign corporations as required by I.R.C. § 6038(a).  The IRS assessed penalties imposed by I.R.C. § 6038(b) and sought to collect the penalties administratively.  Farhy challenged the penalties in a Collection Due Process proceeding and then in Tax Court, arguing that the Commissioner lacks authority to assess the penalties.  The Tax Court ruled in Farhy's favor, holding that the Commissioner lacks such authority.  This appeal followed.

## B.  Statutory background: the IRS's assessment authority and the penalties at issue

The concept of "assessment" is critical to tax administration and collection.  After the IRS has determined that a taxpayer is liable for taxes owed, it makes an assessment by officially "recording the liability of the taxpayer."  I.R.C. § 6203.  After making an assessment, the IRS can use certain "administrative enforcement methods to collect the tax." *United States v. Galletti*, 541 U.S. 114, 122 (2004).  Those methods include collection via liens and administrative levies.  *See, e.g.*, I.R.C. §§ 6321–6327, 6331–6344.  While an assessment is not a prerequisite for enforcing a tax liability, *see Polselli v. IRS,* 143 S. Ct. 1231, 1239 (2023), the IRS almost always makes an assessment before enforcement.  And though an assessment triggers the availability of the IRS's enforcement tools, it also provides the taxpayer an opportunity to challenge collection through a collection due process hearing (*see* I.R.C. §§ 6320, 6330) or to resolve the liability through other means with the IRS, such as an offer-in-compromise.  *See* I.R.C. § 7122.

The IRS's general assessment authority arises from I.R.C. § 6201(a), which states:

-5-

> The Secretary is authorized and required to make the inquiries, determinations, and assessments of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title, or accruing under any former internal revenue law. . . .

Section 6201(b) provides two exceptions to assessment authority, stating that unpaid estimated income tax and unpaid federal unemployment tax cannot be assessed. Certain types of taxes and penalties cannot be assessed until after the taxpayer receives a notice of deficiency giving the taxpayer the right to contest the liability in the Tax Court. *See* I.R.C. §§ 6201(e), 6212-15, 6665(b); *Smith v. Commissioner*, 133 T.C. 424, 429 (2009). Deficiency procedures generally apply to income, estate, and gift taxes, as well as the penalties for underpayment of such taxes. *See id.* at 428-29; *see also* I.R.C. §§ 6662 and 6663.

The penalty at issue in this case arises under I.R.C. § 6038, which is located in Chapter 61 of the Code regarding "Information and Returns." Section 6038(a) requires U.S. persons to report information regarding ownership of certain foreign business entities, including the entity's undistributed earnings, balance sheet information, and information regarding a variety of transactions. *See* I.R.C. § 6038(a)(1).

-6-

When Congress added this reporting requirement to the Code in 1960, the only penalty for failing to provide the information was reduction of the taxpayer's foreign tax credit. *See* I.R.C. § 6038(c) (modern version of this penalty). Because this reduction resulted in increased tax, it was clear that the IRS had authority to assess it under I.R.C. § 6201(a)'s reference to taxes.

In 1982, Congress amended Section 6038 to add a fixed-dollar penalty for failure to report. The new penalty was added in light of "complaints about inadequate reporting with respect to controlled foreign corporations." S. Rep. No. 97-494, Part I, at 299 (1982). Congress was concerned that the credit-reduction penalty was not being imposed "because the penalty is complicated," because it could be "unduly harsh in some cases," and because the non-reporting U.S. person may have "paid no foreign income taxes during the year in question." *Id*. Thus, Section 6038(b) imposes a $10,000 penalty for an initial Section 6038(a) violation and a "continuation" penalty (up to $50,000 per violation) if a person fails to report after being notified of a violation. I.R.C. § 6038(b)(1)-(2). Section 6038(c)(3) provides rules coordinating the fixed-dollar penalty and the credit-reduction penalty.

-7-

And Section 6038(c)(4) provides that neither penalty applies where "(as shown to the satisfaction of the Secretary) reasonable cause existed for failure to furnish [the required] information."

## C.   Factual background

During tax years 2003-2010, Farhy owned foreign corporations formed in Belize that he used in an illegal scheme to reduce his taxes. (JA23–24.)  He was granted immunity in a non-prosecution agreement he signed in September 2012.  (JA23.)  For tax years 2003 to 2010, Farhy was required by Section 6038(a) to report his wholly owned interests in those foreign corporations on Forms 5471, failed to do so, and continued to fail to file the reports after he was notified by the IRS of his failure to do so.  (JA23–24.)  Farhy stipulated in Tax Court that he was required to timely file Forms 5471 for the relevant years, that he never filed the required forms for those years, and that his failure was willful and not due to reasonable cause.  (JA24.)

In 2018, the IRS assessed initial penalties of $10,000 and continuation penalties of $50,000 for each year from 2003 to 2010 pursuant to Section 6038(b).  (JA24.)  After Farhy failed to pay, the IRS issued him a final notice of intent to levy for the unpaid penalties.

15256057.1

-8-

(JA34–37.)  Farhy timely requested a Collection Due Process hearing

pursuant to Section 6330 with the IRS Independent Office of Appeals

seeking to challenge the proposed penalty.  (JA38–45.)

In June 2021, the Office of Appeals issued Farhy a notice of

determination upholding the proposed levy.  (JA27–32.)  Farhy filed a

petition challenging the notice of determination in Tax Court.  (JA5–

11.)  The case was submitted fully stipulated for decision without trial

pursuant to Tax Ct. R. 122.  The sole issue in dispute was whether the

IRS has authority to assess the Section 6038(b) penalty.  (JA241.)

### D.    The Tax Court's opinion

The Tax Court held that the IRS lacks statutory authority to

assess Section 6038(b) penalties, and therefore, that the IRS could not

collect the penalties from Farhy through an administrative levy.  The

court acknowledged that Section 6201(a) authorizes the assessment of

"certain assessable penalties not subject to the Code's deficiency

procedures," and that "the term 'assessable penalties' as used in section

6201(a) is left undefined."  (JA245.)

But the Tax Court held that penalties are only "assessable" if

Congress expressly authorized assessment.  (JA246.)  It concluded that

Section 6038(b) penalties are not "assessable" because Section 6038(b) is not located in Chapter 68 of the Code, which lists most (but not all) assessable penalties, and its text neither expressly authorizes assessment nor cross-references a penalty within that Chapter. (JA246.)  The court concluded that Section 6038(b) penalties should instead be collected through a civil action pursuant to 28 U.S.C. § 2461(a).  (JA246–27.)

The Tax Court rejected the Commissioner's counterargument that Section 6201(a)'s reference to "taxes" included the Section 6038(b) penalty.[1]  The court stated that "taxes and penalties are distinct categories of exactions, at least in the absence of a provision treating them as the same."  (JA248.)  And it held that the Commissioner's argument would render superfluous at least two statutes that deem any reference in the Code to "tax" to include specific items set forth in Chapter 68, either "the additions to the tax, additional amounts, and penalties provided by" Chapter 68 or "the penalties and liabilities provided by" Subchapter B of Chapter 68.  (JA248, citing I.R.C. §§

---

[1] The Tax Court also rejected the proposition that Section 6038(b) penalties are "assessable penalties" as a result of not being subject to deficiency procedures.  (JA247–48.)

6665(a)(2) and 6671(a).)  The court stated that "[t]here would be no need for these provisions to deem 'tax' to refer to certain penalties if the Code already included those penalties in the term 'tax.'"  (JA248–49.)[2]

The Tax Court acknowledged that Section 6201(a) states that the term "taxes . . . imposed by this title" "includes" various amounts, such as assessable penalties and, that, under Section 7701(c), the use of the term "includes" is not exclusive.  (JA249–50.)  But it concluded that the amounts included in "taxes" under Section 6201(a) "have a close connection to that term" and have no "similarity to a fixed-dollar information reporting penalty that is nowhere deemed a tax or authorized or required to be assessed or collected in the same manner as a tax or assessable penalty."  (JA250.)  The court also concluded that case law or legislative history do not compel the conclusion that Section 6038(b) penalties were assessable.  (JA251–53.)

---

[2] The Commissioner did not argue that Section 6038(b) penalties are "additional amounts" or "additions to the tax" for purposes of Section 6201(a).  The Tax Court observed (JA248) that such argument was foreclosed by its decision in *Whistleblower 22716-13W v. Commissioner*, 146 T.C. 84, 92–96 (2016).

## SUMMARY OF ARGUMENT

The Tax Court erred in holding that Section 6201 does not authorize assessment of the Section 6038(b) penalty.  Section 6201(a) authorizes the Treasury Secretary to assess "all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title," which includes the Section 6038(b) penalty.  This broad, inclusive language covers all exactions imposed by the Internal Revenue Code (the "Code") unless Congress has specifically provided otherwise.  This reading of the statutory text is reinforced by the fact that Section 6201 not only authorizes assessments; it also requires the Treasury Secretary to make "inquiries" and "determinations."  If the Secretary may not even make inquiries and determinations regarding the Section 6038(b) penalty, then the Secretary would not be able to carry out any of the enforcement functions that Section 6038 contemplates.  It would be highly anomalous for Congress to add a tax penalty to the Code but expect the Secretary not to undertake any investigative or enforcement action with respect to that penalty, without even specifying as much.

Further, the history of Section 6201 establishes that the phrase "all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title" should be given a broad reading that is not limited to the enumerated subcategories of items. The predecessor to Section 6201 provided that "[t]he Commissioner is authorized and required to make the inquiries, determinations, and assessments of all taxes and penalties imposed by this title." In enacting Section 6201 as part of the Internal Revenue Code of 1954, Congress noted specific material changes in the provision, but did not state that the new statutory language of "all taxes," with its inclusion of "interest, additional amounts, additions to the tax, and assessable penalties," was intended to effect a material change. Thus, the term "all taxes" in Section 6201 should be construed to include any penalties unless Congress has explicitly provided that the penalty be collected through a civil action, as it has since 1954 in I.R.C. § 5761(a) and I.R.C. § 7269.

The Tax Court's analysis is flawed in several respects. The Tax Court was correct that taxes and penalties generally are "distinct categories of exactions, at least in the absence of a provision treating

-13-

them as the same" (JA248.)  But it failed to appreciate that

Section 6201(a) *does* treat them (along with interest) the same, at least

for the purposes outlined in that statute: authorizing and requiring the

Secretary to make inquiries, determinations, and assessments.

In addition, the Tax Court read Congress's omission of explicit

assessment authority for the Section 6038(b) penalty as indicating that

it must be collected through a civil action under 28 U.S.C. § 2461(a),

which provides that civil fines enacted by Congress without an

enforcement mechanism may be recovered in a civil action.  The Tax

Court's conclusion is wrong.  Notably, Congress has specified the mode

of enforcement to some degree, by requiring the IRS to notify U.S.

persons of their failure to file the information return before imposing a

continuation penalty and to make determinations of reasonable cause

for failure to file.  And despite the fact that the IRS has been assessing

this penalty for 40 years, Congress has not seen fit to amend the statute

to bar those assessments—even though it has amended Section 6038 in

other ways multiple times during that period.  Accordingly, the Tax

Court's opinion was incorrect, and its decision should be reversed.

-14-

## STANDING

The Commissioner has standing to appeal because the Tax Court barred the Commissioner from assessing certain penalties imposed against Farhy pursuant to I.R.C. § 6038(b) and from using administrative means to collect those penalties. This holding also affects the Commissioner's ability to assess and collect penalties against other taxpayers under Section 6038(b) and several other statutes.

## ARGUMENT

**The Tax Court erred in holding that Section 6201 does not authorize assessment of the Section 6038(b) penalty**

### Standard of review

The Tax Court's determination that the Commissioner lacks assessment authority is a question of law that is reviewed de novo. *See Zuza v. Off. of High Rep.*, 857 F.3d 935, 938 (D.C. Cir. 2017).

### A.    The broad text of Section 6201(a) includes the Section 6038(b) penalty

Section 6201(a) authorizes the Treasury Secretary to assess "all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title." This broad, inclusive language should be read to include all exactions imposed by the Code

-15-

unless Congress has specifically provided otherwise.  On its face,

Section 6201(a) defines the term "taxes" to include exactions that would

not be commonly understood as taxes, indicating that Congress

eschewed a narrow use of the term.  *See Food & Drug Admin. v. Brown*

*& Williamson Tobacco Corp.*, 529 U.S. 120, 132 (2000) ("The meaning—

or ambiguity—of certain words or phrases may only become evident

when placed in context.")  And the word "including" generally "signal[s]

that the list that follows is meant to be illustrative rather than

exhaustive," and "a word may be known by the company it keeps."

*Samantar v. Yousef*, 560 U.S. 305, 317 (2010) (cleaned up); *see, e.g.,*

*American Hosp. Ass'n v. Azar,* 983 F.3d 528, 534 (D.C. Cir. 2020)

(Medicare statute's use of "including" indicated illustrative, not

exclusive, list).

These statutory construction principles fully apply to the Code,

including Section 6201(a).  I.R.C. § 7701(c) states that "[t]he terms

'includes' and 'including' when used in a definition contained in this

title shall not be deemed to exclude other things otherwise within the

meaning of the term defined."  This reading of the Section 6201(a)

parenthetical—illustrative rather than limiting—is reinforced by the

-16-

fact that the Code has long used an assortment of terms to refer to what

the layperson would simply call a penalty, including the terms in the

Section 6201(a) parenthetical (none of which are defined by statute) as

well as the generic term "penalty." *See, e.g.*, *Farrell v. Commissioner*,

136 F.3d 889, 892 (2d Cir. 1998); *Gray v. Commissioner*, 723 F.3d 790,

794 (7th Cir. 2013).  Therefore, the key phrase in Section 6201(a) should

be construed as including other types of penalties not specifically

enumerated in the parenthetical, given that the parenthetical begins

with "including" and expressly references three types of penalties:

additional amounts, additions to tax, and assessable penalties.

    The Tax Court thought that the Section 6038(b) penalty does not

bear a close enough connection to "taxes" to be included in that phrase

because it is an information-reporting penalty.  (JA250.)  But this

overlooks the fact that most "assessable penalties" listed in Chapter 68

do not depend on a determination of tax, *e.g.*, other information-

reporting penalties, penalties for promoting tax shelters, and penalties

for maintaining frivolous litigation.  The Section 6038(b) penalty

certainly "keeps company" with the host of information-reporting

penalties and other such penalties which are specifically designated as

-17-

"assessable penalties" and clearly covered by Section 6201(a).  *See, e.g.,* I.R.C. §§ 6677, 6679, 6686, 6688, 6707.  And the information reported under Section 6038(a) is used to help the IRS detect unreported income related to foreign corporations.  Indeed, Farhy conceded here that he used his foreign corporations in a criminal scheme to avoid taxes.

Moreover, Section 6201(b) sets forth specific exceptions to the broad grant of assessment authority in Section 6201(a), which suggests that other exceptions should not be inferred.  (*See supra* p. 5.)  As the Supreme Court has stated, there is no "'canon of donut holes,' in which Congress's failure to speak directly to a specific case that falls within a more general statutory rule creates a tacit exception." *Bostock v. Clayton Cnty.*, 140 S. Ct. 1731, 1747 (2020).  When Congress has altered the assessment and collection rules for a particular penalty, it has done so expressly.  *See, e.g.,* I.R.C. § 5761(a) (certain tobacco-related penalties must be recovered by civil action); I.R.C. § 7269 (failure-to-produce-records penalty must be recovered by civil action); I.R.C. § 5000A(g) (penalty for failure to maintain minimum essential health-care coverage may be assessed and collected but liens and levies are not permitted).

15256057.1

-18-

There is little case law interpreting the parenthetical in Section 6201(a), but the phrase "additional amounts, additions to tax, and assessable penalties" appears in many other parts of the Code. Circuit courts interpreting that phrase in the context of I.R.C. § 6601(e), regarding interest on underpayments, rejected the argument that "additional amounts, additions to the tax, and assessable penalties" is limited to what is listed in Chapter 68 of the Code.  *See Motor Fuel Carriers, Inc. v. United States*, 420 F.2d 702, 706-07 (Ct. Cl. 1970); *Latterman v. United States*, 872 F.2d 564, 566 n.2 (3d Cir. 1989) (noting the holding of *Motor Fuel Carriers*).  Indeed, I.R.C. § 7806(b) states that "[n]o inference, implication, or presumption of legislative construction shall be drawn or made by reason of the location or grouping of any particular section or provision or portion of this title, nor shall any … descriptive matter relating to the contents of this title be given any legal effect" and the Tax Court here agreed (JA250) that the term "assessable penalties" is not limited to penalties in Subchapter B of Chapter 68.  Thus, the location of the Section 6038(b) penalty outside of Chapter 68 does not mean it falls outside of Section 6201(a)'s assessment authority.

**B.    Section 6201(a)'s role in the Code indicates it covers the Section 6038(b) penalty**

The soundness of the Commissioner's reading of Section 6201(a) is reinforced by Section 6201's larger role in the Code.  As noted, the IRS's assessment authority is found in Section 6201, but Section 6201 does more than authorize assessments.  It states that the "Secretary is authorized *and required* to make the *inquiries*, *determinations*, and assessments of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title …." I.R.C. § 6201(a) (emphasis added).  Thus, Section 6201(a) not only confers assessment authority but also requires the Secretary to undertake audits and make determinations about amounts owed under the Code.

The scope of Section 6201(a) must be read in light of these broad purposes, because a court's determination that the language of Section 6201(a) does not authorize assessment of a particular penalty would also mean that the Secretary is not required or even authorized to make "inquiries" or "determinations" about that penalty.  As relevant to this case, Section 6038 contemplates that a United States person in control of a foreign business entity shall provide information on that entity to

the Secretary.  I.R.C. § 6038(a).  If the person fails to furnish the information, the Secretary will inquire as to whether the taxpayer is liable for a penalty, notify the taxpayer of her liability, and determine whether the taxpayer had reasonable cause for the failure to report.  I.R.C. § 6038(b)(2), (c)(4).  It is difficult to see how the Secretary could do this without making inquiries and determinations regarding the penalty.  But the same provision authorizes both inquiries and determinations *and* assessments:  Section 6201(a).

In addition, the purpose of the reporting requirements under Section 6038 is to allow the IRS to determine if taxpayers failed to report taxable income from foreign sources and, if appropriate, assess additional taxes on the unreported income.  The Tax Court's decision undermines that purpose by stripping the IRS of its ability to meaningfully impose consequences on taxpayers that do not provide the information and thus stifling its capacity to collect the additional taxes.  The Tax Court's suggested alternative—a civil action brought by the Department of Justice under 28 U.S.C. § 2461(a)—is not a reasonable alternative for obtaining the relevant information in a timely and efficient manner.

-21-

It would be highly anomalous for Congress to add a penalty to the Code to verify compliance with a reporting provision but not expect the Treasury Secretary to undertake any enforcement action with respect to that penalty. The assessment authority and associated collection tools are what give the penalty teeth and ensure taxpayer compliance. But, according to the Tax Court, Congress enacted a penalty and—at the same time and without saying so—deprived the IRS of the tools that Congress provided in the Code to enforce the penalty. The Tax Court's conclusion is particularly anomalous because there is no dispute that the IRS has authority to assess the interrelated penalty—reduction of the foreign tax credit under Section 6038(c)—or that the Secretary is authorized to determine whether reasonable cause exists under Section 6038(c)(4)(B) for a failure to furnish the information.

The Supreme Court also has recognized that Section 6201 occupies a unique place within the Code, in that it equates taxes and assessable penalties for assessment purposes but not necessarily for all purposes. In *National Federation of Independent Business v. Sebelius*, the Court addressed the argument that Section 6201's language meant that the individual mandate constituted a tax for purposes of the Anti-

-22-

Injunction Act.  567 U.S. 519, 546 (2012) ("*NFIB*").  Certain amici had

argued that the mandate must be a tax "because it is an assessable

penalty and § 6201(a) says that taxes include assessable penalties."  *Id.*

The Supreme Court rejected this argument, noting that in many other

places in the Code taxes and assessable penalties are treated as distinct

terms.  *Id.*  Rather, the better interpretation of Section 6201(a), the

Court held, is that it "instructs the Secretary that his authority to

assess taxes includes the authority to assess penalties, but it does not

equate assessable penalties to taxes for other purposes."  *Id.*

If the Section 6038(b) penalty does not fall within Section 6201's

assessment authority, it would be the first of its kind: a penalty sitting

within the Code without interacting with the extensive enforcement

provisions of the Code, but also without express statutory instruction

for other enforcement.  There is no evidence whatsoever that Congress

intended this absurd result.  Thus, Section 6201(a) should be read as

including Section 6038(b) within its assessment authority.  *See*

*Transbrasil S.A. Linhas Aereas v. Dep't. of Transp.*, 791 F.2d 202, 205-

06 (D.C. Cir. 1986) ("The Supreme Court has instructed that

'interpretations of a statute which would produce absurd results are to

be avoided if alternative interpretations consistent with the legislative purpose are available.'" (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575 (1982)).

**C.    The history of Section 6201 establishes that the term "all taxes (including interest, additional amounts, additions to the tax, and assessable penalties)" should be given a broad reading**

The history of Section 6201 further establishes that it was intended to cover all penalties in the Code, regardless of their label.  In the first comprehensive compilation of revenue laws, *i.e.,* the Internal Revenue Code of 1939, Pub. L. No. 76-1, 53 Stat. 1 (1939), the predecessor to Section 6201(a) stated: "The Commissioner is authorized and required to make the inquiries, determinations, and assessments of *all taxes and penalties imposed by this title*, or accruing under any former internal revenue law, where such taxes have not been duly paid by stamp at the time and in the manner provided by law."  I.R.C. § 3640 (1939) (emphasis added).

In 1954, Congress enacted a new, reorganized Internal Revenue Code that simplified assessment procedures, among other things.  *See* Internal Revenue Code of 1954, Pub. L. No. 83-591, 68 Stat. 730 (1954).  The general grant of assessment authority was recodified as Section

6201(a): "The Secretary or his delegate is authorized and required to make the inquiries, determinations, and assessments of *all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title*, or accruing under any former internal revenue law, which have not been duly paid by stamp at the time and in the manner provided by law." (Emphasis added.) Today's version of Section 6201(a) is materially identical.

Thus, the statutory text changed from authorizing assessment of "all taxes and penalties imposed by this title" (Section 3640) to authorizing assessment of "all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title" (Section 6201(a)). Nothing in the 1954 text indicates an intent to limit Treasury's previously expansive assessment authority or to limit the scope of penalties that had previously fallen within its ambit. Rather, the term "taxes" was *broadened* beyond a narrow definition of that term to sweep in exactions that would not traditionally be thought of as taxes.

Further, the House and Senate Reports accompanying the 1954 Code noted only "two material changes from existing law" in Section

6201: authorizing assessment of amounts paid by check or money order

given in payment for stamps, and authorizing recovery of certain

erroneous refunds by assessment.  *See* H.R. Rep. No. 83-1337, at A404

(1954); S. Rep. No. 83-1622, at 572 (1954).  Notably, the legislative

history did *not* identify the revision of the reference from "all taxes and

penalties" to "all taxes" as effecting a material change in the

assessment of penalties.  Thus, the term "all taxes (including interest,

additional amounts, additions to the tax, and assessable penalties)"

should not be construed as materially different from the term "all taxes

and penalties."  *See Int'l Bhd. of Elec. Workers, Loc. Union No. 474,

AFL-CIO v. N.L.R.B.*, 814 F.2d 697, 708 (D.C. Cir. 1987) (noting that

"legislative history may give meaning to ambiguous statutory

provisions").

### D.    The Tax Court erred in determining that Section 6201(a) does not apply to Section 6038(b) penalties

The Tax Court was correct that taxes and penalties generally are

"distinct categories of exactions, at least in the absence of a provision

treating them as the same" (JA248), but it failed to appreciate that

Section 6201(a) *does* treat them (along with interest) the same, at least

for the purposes outlined in that statute, *viz.*, authorizing and requiring

-26-

the Secretary to make inquiries, determinations, and assessments.  *Cf.*
*NFIB v. Sebelius*, 567 U.S. at 546 ("Section 6201(a) instructs the
Secretary that his authority to assess taxes includes the authority to
assess penalties, but it does not equate assessable penalties to taxes for
other purposes.").[3]

The Tax Court thought construing Section 6201(a) as covering
Section 6038(b) penalties would render superfluous other Code
provisions that equate penalties with taxes for purposes of the Code and
specifically delineate how penalties will be assessed and collected, *i.e.,*
Sections 6665 and 6671.  (JA248–49.)  But there is already a fair bit of
repetition in this regard (indeed, Section 6671 is redundant because it is
subsumed by Section 6665), and Section 6201 does both more and less
than these other sections: it does *more* by authorizing and requiring the
Secretary to make inquiries and determinations, in addition to
assessment, and it does *less* because it omits those sections' specifics on
procedure for collection, assessment, and payment.  In addition, the Tax

---

[3] As noted above (*supra* p. 9 n.1), the Tax Court rejected the
proposition that the Section 6038(b) penalty constituted an "assessable
penalty" because an "assessable penalty" is any penalty not subject to
the Code's deficiency procedures.  To the extent that argument was
advanced below, we do not rely on that argument on appeal.

Court's opinion renders surplusage the provisions of the Code providing that certain penalties must be collected via a civil action. *See, e.g.*, I.R.C. §§ 5761(a) and 7269.

The Tax Court also misread Congress's silence here as indicating that the Section 6038(b) penalty must be collected through a civil action under 28 U.S.C. § 2461(a), which states that "[w]henever a civil fine, penalty or pecuniary forfeiture is prescribed for the violation of an Act of Congress without specifying the mode of recovery or enforcement thereof, it may be recovered in a civil action." The Tax Court's conclusion is wrong for several reasons.

*First*, Congress has specified "the mode of . . . enforcement" of the Section 6038(b) penalty to some degree, by requiring the IRS to notify U.S. persons of their failure to file the information return before imposing a continuation penalty. I.R.C. § 6038(b)(2). Congress also requires the IRS to consider the filer's reasonable cause for failure to report in determining whether to impose the penalty. I.R.C. § 6038(c)(4). It is reasonable to infer that, along with administering the penalty, the IRS is expected to assess and collect it, in the absence of any statutory instruction to the contrary.

-28-

*Second*, no other penalties in the Code have been determined to be un-assessable through a narrow reading of Section 6201, and thus, held to be enforceable solely by operation of 28 U.S.C. § 2461(a).  Indeed, there are virtually no cases invoking Section 2461(a) overall.  Given the lack of administrative practice in this regard, it is highly unlikely that Congress intended the Section 6038(b) penalty to be collected this way. Congress "does not alter the fundamental details of a regulatory scheme in vague terms or ancillary provisions—it does not, one might say, hide elephants in mouseholes."  *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 468 (2001).  *See also Virgin Islands v. Blumenthal,* 642 F.2d 641, 649-51 (D.C. Cir. 1980) (rejecting statutory interpretation that conflicted with long-standing administrative practice in the absence of evidence that Congress intended to depart from that practice).

*Third*, the penalty at issue here was added to the Code in 1982, and the IRS has been assessing it since then, for over 40 years.  In the meantime, Congress has amended Section 6038 numerous times,[4] but it

---

[4] *See* Tax Reform Act of 1986, Pub. L. No. 99-514, §§ 1202(c), 1245(b)(5), 100 Stat 2085, 2530-31, 2581; Omnibus Budget Reconciliation Act of 1989, Pub. L. No. 101-239, § 7712(a), 103 Stat. 2106, 2393-94; Omnibus Budget Reconciliation Act of 1990, Pub. L. No.

(continued…)

has never sought to bar the IRS from assessing the Section 6038(b)

penalty.  "[W]hen Congress revisits a statute giving rise to a

longstanding administrative interpretation without pertinent change,

the congressional failure to revise or repeal the agency's interpretation

is persuasive evidence that the interpretation is the one intended by

Congress." *Commodity Futures Trading Comm'n v. Schor*, 478 U.S.

833, 846 (1986) (cleaned up).

*Fourth*, the Tax Court's ruling creates an absurd system for

reporting foreign assets.  Another provision of the Code—Section

6048—requires the reporting of foreign trusts.  I.R.C. § 6048.  Unlike

Section 6038, Section 6048 has a corollary penalty—Section 6677—

which is located within Subchapter B of Chapter 68, and therefore,

indisputably falls within the Commissioner's assessment authority.

Thus, under the Tax Court's ruling, if a taxpayer had an undisclosed

foreign *trust*, the IRS could examine, assess, and collect penalties for

---

101-508, § 11701(f), 104 Stat. 1388, 1388-508; Small Business Job
Protection Act of 1996, Pub. L. No. 104-188, Title I, § 1704(f)(5)(A),
(t)(40), 110 Stat. 1755, 1880, 1889; Taxpayer Relief Act of 1997, Pub. L.
No. 105-34, Title XI, § 1142(a)-(e)(2), 111 Stat. 788, 981-983; Internal
Revenue Service Restructuring and Reform Act of 1998, Pub. L. No.
105-206, Title VI, § 6011(f), 112 Stat. 685, 818; Pub. L. No. 115-97, Title
I, § 14301(c)(36), (37), 131 Stat. 2054, 2224 (2017).

-30-

failure to comply with reporting requirements, but a similarly situated taxpayer with a foreign corporation or partnership would only face penalties if the Department of Justice brought suit.

The Tax Court correctly noted that there is no express authorization in Section 6038(b) to assess the penalty, and that other penalties located outside Chapter 68 generally include an express authorization.  However, "[a]n inference drawn from congressional silence certainly cannot be credited when it is contrary to all other textual and contextual evidence of congressional intent." *Burns v. United States*, 501 U.S. 129, 136 (1991); *see also Cummings v. Dept. of the Navy*, 279 F.3d 1051, 1055 (D.C. Cir. 2002).  The Section 6038(b) penalty is imposed by Title 26.  As noted above, prior to this case, no other penalty imposed by the Code has been held to be un-assessable by a narrow reading of Section 6201, precluding application of the Code's detailed enforcement procedures.  Instead, when Congress has sought to render certain penalties collectible only by suit, it has done so expressly. *See, e.g.*, I.R.C. §§ 5761(a) and 7269.[5]  And, as detailed above, there is a

---

[5] Notably, Sections 5761(a) and 7269 were enacted in the Code in 1954 when Section 6201(a) was enacted, which shows that Congress

(continued…)

-31-

dearth of evidence establishing that Congress intended that result here. Rather, the broad text of Section 6201, establishing its significant role in tax enforcement, and other contextual evidence indicate that Congress intended that all exactions imposed by the Code be assessable (absent express language requiring a different process), and that Congress intended for Treasury, and not the Department of Justice, to enforce the Section 6038(b) penalty at issue here.

---

was aware at the time of how to except penalties from the general assessment authority.

# CONCLUSION

For the foregoing reasons, the decision of the Tax Court should be reversed and remanded with instructions to enter decision in favor of the Commissioner.

Respectfully submitted,

DAVID A. HUBBERT
  *Deputy Assistant Attorney General*

/s/ Robert J. Wille

| | |
|---|---|
| FRANCESCA UGOLINI | (202) 514-3361 |
| JENNIFER M. RUBIN | (202) 307-0524 |
| ROBERT J. WILLE | (202) 514-5573 |

  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

NOVEMBER 13, 2023

# ADDENDUM

26 U.S.C. § 6201 (excerpt)…………………………………………34

26 U.S.C. § 6038 (excerpt)…………………………………………35

28 U.S.C. § 2461 (excerpt)…………………………………………40

15256057.1

-34-

## 26 U.S.C. § 6201 (excerpt)

### (a) Authority of Secretary

The Secretary is authorized and required to make the inquiries, determinations, and assessments of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title, or accruing under any former internal revenue law, which have not been duly paid by stamp at the time and in the manner provided by law. Such authority shall extend to and include the following:

### (1) Taxes shown on return

The Secretary shall assess all taxes determined by the taxpayer or by the Secretary as to which returns or lists (or payments under section 6225(c)(2)(B)(i)) are made under this title.

### (2) Unpaid taxes payable by stamp

### (A) Omitted stamps

Whenever any article upon which a tax is required to be paid by means of a stamp is sold or removed for sale or use by the manufacturer thereof or whenever any transaction or act upon which a tax is required to be paid by means of a stamp occurs without the use of the proper stamp, it shall be the duty of the Secretary, upon such information as he can obtain, to estimate the amount of tax which has been omitted to be paid and to make assessment therefor upon the person or persons the Secretary determines to be liable for such tax.

### (B) Check or money order not duly paid

In any case in which a check or money order received under authority of section 6311 as payment for stamps is not duly paid, the unpaid amount may be immediately assessed as if it were a tax imposed by this title, due at the time of such receipt, from the person who tendered such check or money order.

-35-

\*\*\*

# 26 U.S.C. § 6038 (excerpt)

## (a) Requirement

### (1) IN GENERAL

Every United States person shall furnish, with respect to any foreign business entity which such person controls, such information as the Secretary may prescribe relating to—

(A) the name, the principal place of business, and the nature of business of such entity, and the country under whose laws such entity is incorporated (or organized in the case of a partnership);

(B) in the case of a foreign corporation, its post-1986 undistributed earnings (as defined in section 902(c));

(C) a balance sheet for such entity listing assets, liabilities, and capital;

(D) transactions between such entity and—

(i) such person,

(ii) any corporation or partnership which such person controls, and

(iii) any United States person owning, at the time the transaction takes place—

(I) in the case of a foreign corporation, 10 percent or more of the value of any class of stock outstanding of such corporation, and

(II) in the case of a foreign partnership, at least a 10-percent interest in such partnership; and

**(E)**

> **(i)** in the case of a foreign corporation, a description of the various classes of stock outstanding, and a list showing the name and address of, and number of shares held by, each United States person who is a shareholder of record owning at any time during the annual accounting period 5 percent or more in value of any class of stock outstanding of such foreign corporation, and
>
> **(ii)** information comparable to the information described in clause (i) in the case of a foreign partnership.

The Secretary may also require the furnishing of any other information which is similar or related in nature to that specified in the preceding sentence or which the Secretary determines to be appropriate to carry out the provisions of this title.

## (2) Period for which information is to be furnished, etc.

The information required under paragraph (1) shall be furnished for the annual accounting period of the foreign business entity ending with or within the United States person's taxable year. The information so required shall be furnished at such time and in such manner as the Secretary shall prescribe.

## (3) Limitation

No information shall be required to be furnished under this subsection with respect to any foreign business entity for any annual accounting period unless the Secretary has prescribed the furnishing of such information on or before the first day of such annual accounting period.

-37-

**(4) Information required from certain shareholders in certain cases**

If any foreign corporation is treated as a controlled foreign corporation for any purpose under subpart F of part III of subchapter N of chapter 1, the Secretary may require any United States person treated as a United States shareholder of such corporation for any purpose under subpart F to furnish the information required under paragraph (1).

**(5) Information required from 10-percent partner of controlled foreign partnership**

In the case of a foreign partnership which is controlled by United States persons holding at least 10-percent interests (but not by any one United States person), the Secretary may require each United States person who holds a 10-percent interest in such partnership to furnish information relating to such partnership, including information relating to such partner's ownership interests in the partnership and allocations to such partner of partnership items.

**(b) Dollar penalty for failure to furnish information**

**(1) In general**

If any person fails to furnish, within the time prescribed under paragraph (2) of subsection (a), any information with respect to any foreign business entity required under paragraph (1) of subsection (a), such person shall pay a penalty of $10,000 for each annual accounting period with respect to which such failure exists.

**(2) Increase in penalty where failure continues after notification**

If any failure described in paragraph (1) continues for more than 90 days after the day on which the Secretary mails notice of such failure to the United States person, such person shall pay a

penalty (in addition to the amount required under paragraph (1)) of $10,000 for each 30-day period (or fraction thereof) during which such failure continues with respect to any annual accounting period after the expiration of such 90-day period. The increase in any penalty under this paragraph shall not exceed $50,000.

## (c) Penalty of reducing foreign tax credit

**(1) IN GENERAL** If a United States person fails to furnish, within the time prescribed under paragraph (2) of subsection (a), any information with respect to any foreign business entity required under paragraph (1) of subsection (a), then—

**(A)**

in applying section 901 (relating to taxes of foreign countries and possessions of the United States) to such United States person for the taxable year, the amount of taxes (other than taxes reduced under subparagraph (B)) paid or deemed paid (other than those deemed paid under section 904(c)) to any foreign country or possession of the United States for the taxable year shall be reduced by 10 percent, and

**(B)**

in the case of a foreign business entity which is a foreign corporation, in applying section 960 to any such United States person which is a corporation (or to any person who acquires from any other person any portion of the interest of such other person in any such foreign corporation, but only to the extent of such portion) for any taxable year, the amount of taxes paid or deemed paid by each foreign corporation with respect to which such person is required to furnish information during the annual accounting period or periods with respect to which such information is required under paragraph (2) of subsection (a) shall be reduced by 10 percent.

-39-

If such failure continues 90 days or more after notice of such failure by the Secretary to the United States person, then the amount of the reduction under this paragraph shall be 10 percent plus an additional 5 percent for each 3-month period, or fraction thereof, during which such failure to furnish information continues after the expiration of such 90-day period.

**(2)** **LIMITATION** The amount of the reduction under paragraph (1) for each failure to furnish information with respect to a foreign business entity required under subsection (a)(1) shall not exceed whichever of the following amounts is the greater:

**(A)** $10,000, or

**(B)** the income of the foreign business entity for its annual accounting period with respect to which the failure occurs.

**(3) Coordination with subsection (b)**

The amount of the reduction which (but for this paragraph) would be made under paragraph (1) with respect to any annual accounting period shall be reduced by the amount of the penalty imposed by subsection (b) with respect to such period.

**(4) Special rules**

**(A)** No taxes shall be reduced under this subsection more than once for the same failure.

**(B)** For purposes of this subsection and subsection (b), the time prescribed under paragraph (2) of subsection (a) to furnish information (and the beginning of the 90-day period after notice by the Secretary) shall be treated as being not earlier than the last day on which (as shown to the satisfaction of the Secretary) reasonable cause existed for failure to furnish such information.

\*\*\*

## 28 U.S.C. § 2461 (excerpt)

**(a)** Whenever a civil fine, penalty or pecuniary forfeiture is prescribed for the violation of an Act of Congress without specifying the mode of recovery or enforcement thereof, it may be recovered in a civil action.

\*\*\*

## CERTIFICATE OF COMPLIANCE

**Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements**

1.  This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

[X]   this document contains 5,827 words, **or**

[ ]   this brief uses a monospaced typeface and contains _____ lines of text.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[X]   this document has been prepared in a proportionally spaced typeface using Word for Microsoft 365 in Century Schoolbook 14, **or**

[ ]   this brief has been prepared in a monospaced typeface using _____ with _____.

(s)   _/s/ Robert J. Wille_____

Attorney for _Commissioner of Internal Revenue_

Dated: _____November 13, 2023____

15256057.1