**[ORAL ARGUMENT NOT YET SCHEDULED]**

**No. 23-1179**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

————————————————

**ALON FARHY,**

**Petitioner-Appellee**

**v.**

**COMMISSIONER OF INTERNAL REVENUE,**

**Respondent-Appellant**

————————————————

**ON APPEAL FROM THE DECISION OF THE UNITED STATES
TAX COURT, CASE NO. 10647-21L**

————————————————

**BRIEF FOR THE APPELLEE**

————————————————

**EDWARD M. ROBBINS, JR., ESQ.**
**(DC Bar # 503229)**
**Attorney for the Petitioner-Appellee**

**Hochman Salkin Toscher Perez, P.C.**
**Office: (310) 281-3247**
**Direct Fax: (310) 859-5129**
**Cell: (310) 801-4573**
**Email: EdR@taxlitigator.com**
**9100 Wilshire Boulevard, Suite 900W**
**Beverly Hills, California 90212**

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

**A.    Parties, Intervenors, and Amici.**    The parties, intervenors, and amici appearing in the Tax Court and in this Court are Alon Farhy, the Petitioner, and the Commissioner of Internal Revenue, the Respondent.  There were no amici or intervenors appearing before the Tax Court, and there are no amici or intervenors who have appeared in this Court.

**B.    Rulings Under Review.**  The rulings under review are the Tax Court's decision by Judge L. Paige Marvel, entered on April 18, 2023, and the associated opinion, entered on April 3, 2023, and published at 160 T.C. No. 6.  (*See* JA240–54.)

**C.    Related Cases.**  This case was not previously before this Court or any other appellate court.  The Petitioner's Counsel is not aware of any related cases currently pending in this Court or in any other court, as provided in Cir. R. 28(a)(1)(C).

7608340_9

# TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS,
AND RELATED CASES ...........................................................................i

   A. Parties, Intervenors, and Amici.................................................i

   B. Rulings Under Review. ..............................................................i

   C. Related Cases. ............................................................................i

STATUTES AND REGULATIONS ..........................................................1

STATEMENT OF THE CASE ...................................................................3

   A. Procedural Background................................................................3

   B. Statutory Background: Without a Valid Assessment, the
Commissioner's Administrative Collection Powers Are Absent .....4

   C. Statutory Background: Some Penalties Under the Code Are
Assessable, Some Penalties Are Not Assessable...........................7

   D. Petitioner's Challenge to the Commissioner ...............................10

   E. The Tax Court's Opinion............................................................11

SUMMARY OF ARGUMENT ..................................................................14

ARGUMENT ...........................................................................................15

   A. Section 6201 does not authorize assessment of the Section .6038(b)
penalty. ....................................................................................15

   B. Section 6201's role in the Code does not indicate that it covers  the
Section 6038(b) penalty .............................................................19

   C. The history of Section 6201 does not establish that the
parenthetical "all taxes (including interest, additional amounts,
additions to the tax, and assessable penalties)" should be given a
broad reading here. ...................................................................21

   D. The Tax Court was correct in determining that Code Section
201(a)does not apply to Code Section 6038(b) penalties. ..............25

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Farhy v. Commissioner*, 160 T.C. No. 6. (2023) ........................................ 4

*Federal Crop Insurance Corp. v. Merrill*, SCt,
   332 US at 387, 68 SCt at 4–5 .............................................................. 27

*Goldston v. United States (In re Goldston)*,
   104 F.3d 1198 (10th Cir. 1997) .............................................................. 4

*Nat'l Fed. of Ind. Bus. v. Sebelius*, 567 U.S. 519 (2012) ........................ 21

*Philadelphia & Reading Corp.*, 944 F2d 1063 (3d Cir. 1991) ................. 6

*Ruesch v. Commissioner*, 154 T.C. 289 (2020) .................................. 13, 14

*Smith v. Commissioner*, 133 T.C. 424 (2009) .......................................... 8

*Smith*, 133 T.C. at 428 ............................................................................ 13

St. Regis Paper Co., SCt, 368 US 208,  82 SCt 289,
   7 LEd2d 240 (1961) ............................................................................ 27

*United States v. Galletti*, 541 U.S. 114  (2004) ...................................... 5

*West Virginia v. EPA*, 142 S. Ct. 2587 (2022) ...................................... 10

*Zuza v. Off. of High Rep.*, 857 F.3d 935  (D.C. Cir. 2017) .................... 15

### Circuit Rules

Circuit Rule 28(a)(5) ................................................................................. 2

### Statutes

Internal Revenue Code

IRC § 30 ............................................................................................. 9, 22

IRC § 45 ............................................................................................. 9, 22

IRC § 48 ............................................................................................. 9, 22

IRC § 179 ........................................................................................... 9, 22

IRC § 856(g)(5)(C) .................................................................................. 7

IRC § 857(f)(2)(A) .................................................................................. 7

IRC § 1275(c)(4) ..................................................................................... 8

IRC § 4083(d)(3) ............................................................................... 9, 22

IRC § 5000A(g)(1) .................................................................................. 7

IRC § 5114(c)(3) ..................................................................................... 7

IRC § 527(j)(1) ............................................................................ 7
IRC § 5675 ................................................................................ 22
IRC § 5684(b) ............................................................................. 7
IRC § 5761 ................................................................................ 22
IRC § 5761(e) ............................................................................. 7
IRC § 6033(o) ............................................................................. 8
IRC § 6038(a) ............................................................................. 3
IRC § 6038(b) ...................................................................... passim
IRC § 6038(c) ....................................................................... 9, 22
IRC § 6038A ............................................................................. 12
IRC § 6038A(d) ..................................................................... 9, 22
IRC § 6038B(c) ................................................................. 9, 22, 24
IRC § 6038C(c) ..................................................................... 9, 22
IRC § 6038D(d) ..................................................................... 9, 22
IRC § 6038E ......................................................................... 9, 22
IRC § 6039E(c) .......................................................................... 22
IRC § 6039G(c) .......................................................................... 22
IRC § 6043(d) ............................................................................. 8
IRC § 6046(f) ............................................................................. 8
IRC § 6046A(e) ........................................................................... 8
IRC § 6201 ......................................................................... passim
IRC § 6203 .............................................................................. 5,6
IRC § 6322 ................................................................................. 5
IRC § 6332(d)(2) ................................................................... 9, 22
IRC § 6330 ................................................................................. 3
IRC § 6420(i)(2) .......................................................................... 8
IRC § 6421(j)(1) .......................................................................... 8
IRC § 6427(p)(1) .......................................................................... 8
IRC § 6601 ................................................................................. 5
IRC § 6652(c) ............................................................................. 8
IRC § 6665(a)(1) .......................................................................... 7
IRC § 6665(a)(1) .......................................................................... 7
IRC § 6671(a) ............................................................................. 7
IRC § 6674 ................................................................................. 8
IRC § 6675 ................................................................................. 8
IRC § 6677 ................................................................................. 8
IRC § 6679 ................................................................................. 8

IRC § 6685 ..................................................................................... 8
IRC § 6686 ..................................................................................... 8
IRC § 6688 ..................................................................................... 8
IRC § 6689 ..................................................................................... 8
IRC § 6690 ..................................................................................... 8
IRC § 6692 ..................................................................................... 8
IRC § 6693 ..................................................................................... 8
IRC § 6695 ..................................................................................... 8
IRC § 6698 ..................................................................................... 8
IRC § 6699 ..................................................................................... 8
IRC § 6704 ..................................................................................... 8
IRC § 6705 ..................................................................................... 8
IRC § 6706 ..................................................................................... 8
IRC § 6707 ..................................................................................... 8
IRC § 6708 ..................................................................................... 8
IRC § 6709(c) ................................................................................. 8
IRC § 6710 ..................................................................................... 8
IRC § 6712 ..................................................................................... 8
IRC § 6714 ..................................................................................... 8
IRC § 6717 ..................................................................................... 8
IRC § 6718 ..................................................................................... 8
IRC § 6719 ..................................................................................... 8
IRC § 6720 ..................................................................................... 8
IRC § 7268 ............................................................................... 9, 22
IRC § 7269 ................................................................................... 22
IRC § 7270 ................................................................................... 22
IRC § 7271 ............................................................................... 9, 22
IRC § 7272 ............................................................................... 9, 22
IRC § 7273 ............................................................................... 9, 22
IRC § 7342 ............................................................................... 9, 22
IRC § 7501(b) ................................................................................. 8
IRC § 7601 ................................................................................... 21
IRC § 7602 ................................................................................... 21
IRC § 9707(f) .................................................................................. 7
IRC §§ 6211-6216 ........................................................................... 5
IRC §§ 6321–6327 ........................................................................... 5
IRC §§ 6331–6344 ........................................................................... 5

v

IRC §§ 6651–6751.................................................................................7

IRC §§ 6671–6725..............................................................................7, 8

IRC §4980H(d)(1)...............................................................................7

IRC Code § 6201(a) ................................................................... passim

Internal Revenue Code of 1939, Pub. L. No. 76-1, 53 Stat. 1 (1939) ..... 23

Internal Revenue Code of 1954 ................................................. 23, 24, 25

Pub. L. 86–780, § 6(a), Sept. 14, 1960 .................................................. 25

26 U.S.C.A. § 6201 ..............................................................................8

28 U.S.C. 2461(a)........................................................................... 6, 10

## Regulations

Treas. Reg. § 301.6203-1 .......................................................................5

## GLOSSARY OF ABBREVIATIONS

| Term | Definition |
| --- | --- |
| Commissioner | Appellant Commissioner of Internal Revenue |
| Petitioner | Appellee Alon Farhy |
| I.R.C. | Internal Revenue Code |
| IRS | Internal Revenue Service |
| JA | Joint Appendix |

7608340_9

**[ORAL ARGUMENT NOT YET SCHEDULED]**
**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

————————————————

**No. 23-1179**

**ALON FARHY,**

**Petitioner-Appellee**

**v.**

**COMMISSIONER OF INTERNAL REVENUE,**

**Respondent-Appellant**

————————————————

**ON APPEAL FROM THE DECISION OF THE**
**UNITED STATES TAX COURT, CASE NO. 10647-21L**

————————————————

**BRIEF FOR THE APPELLEE**

————————————————

**STATUTES AND REGULATIONS**

The two key statutes at issue are: Section 6201(a) and Section 6038(b).

Code Section 6201(a) (excerpt):

The Secretary is authorized and required to make the
inquiries, determinations, and assessments of all taxes

1

7608340.v7

(including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title, or accruing under any former internal revenue law. . . .

Code Section 6038 (excerpt):

(a) Requirement

(1) In general

Every United States person shall furnish, with respect to any foreign business entity which such person controls, such information as the Secretary may prescribe . . ..

(b) Dollar penalty for failure to furnish information

(1) In general

If any person fails to furnish, within the time prescribed . . such person shall pay a penalty of $10,000 for each annual accounting period with respect to which such failure exists.

(2) Increase in penalty where failure continues after notification

If any failure described in paragraph (1) continues for more than 90 days after the day on which the Secretary mails notice of such failure to the United States person, such person shall pay a penalty (in addition to the amount required under paragraph (1)) of $10,000 for each 30-day period (or fraction thereof) during which such failure continues . . ... The increase in any penalty under this paragraph shall not exceed $50,000.

Other statutes relevant to this appeal are included in an addendum attached to the Commissioner's brief. Relevant parts of others are

7608340.v7

7608340_9

summarized in an addendum attached to this brief. Circuit Rule 28(a)(5).

## STATEMENT OF THE CASE

### A.    Procedural Background

The sole issue in this case is whether the Commissioner has the authority to assess a penalty under Code Section 6038(b). Petitioner argued and the Tax Court determined that the Code Section 6038(b) statute is clear on its face. The answer is no, the Commissioner does not have the authority to assess a Code Section 6038(b) penalty.

For the years at issue (2003 through 2010), Petitioner had a reporting requirement under Code Section 6038(a) to report his ownership interest in two foreign corporations. For each year, Petitioner had to file Form 5471, Information Return of U.S. Persons With Respect to Certain Foreign Corporations, but he wilfully failed to file the Forms 5471 for each foreign corporation. The Commissioner assessed penalties imposed by Code Section 6038(b)(1) and (2) against Petitioner and sought to collect the penalties administratively with a proposed levy on Petitioner's property. Petitioner timely challenged the mode of collection

7608340.v7

of the penalties under Code Section 6330 in an administrative Collection Due Process proceeding and then again in Tax Court, arguing that the Commissioner lacked authority to assess the penalties; therefore, the Commissioner had no authority to collect the penalties administratively by levy. After the administrative hearing the Commissioner issued a notice of determination sustaining the assessment and the proposed levy. Petitioner then timely petitioned the Tax Court for review. The Tax Court in an opinion published at *Farhy v. Commissioner*, 160 T.C. No. 6. (2023) ruled in Petitioner's favor, holding that the Commissioner lacked the statutory authority to assess penalties under Code Section 6038(b)(1) or (2) and that the Commissioner could not proceed with administration collection via the proposed levy. This appeal followed.

### B.    Statutory    Background:    Without    a    Valid Assessment, the Commissioner's Administrative Collection Powers Are Absent

An assessment is a critical event for a tax liability—critical for the taxpayer, the Commissioner, and the administration of the tax system. An assessment represents the Commissioner's determination that the taxpayer owes a specified tax liability. The Code authorizes the Commissioner to make "assessments" of tax liabilities. Code Section

4

6201(a); *see also Goldston v. United States (In re Goldston)*, 104 F.3d 1198, 1200–01 (10th Cir. 1997).  An assessment is made "by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary." Code Section 6203; see also Treas. Reg. § 301.6203-1 (describing the method of assessment). The assessment is necessary and sufficient to trigger the IRS's unique collection powers under the Code. *United States v. Galletti*, 541 U.S. 114, 122 (2004).    Those methods include collection via liens and administrative levies.  *See, e.g.*, Code Sections 6321–6327, 6331–6344.

Normally, if someone owes money to a government agency, that agency essentially has the collection rights and remedies of an ordinary creditor. The Commissioner has these ordinary collection rights, but the Code also gives the Commissioner supercharged collection powers. After an assessment, the Commissioner has substantial collection powers found nowhere else in U.S. laws. Once made, an assessment, including accrued interest and penalties, must be paid by the date specified in any IRS notice of assessment and demand for payment. See Code Section 6601.  The notice of assessment and demand for payment creates a lien attaching to all property and rights to property of the taxpayer, including

7608340.v7

after-acquired property and property in the hands of third parties. Code Section 6322.

Except for those taxes subject to the deficiency notice procedures (Code Sections 6211-6216), forced collection efforts to collect the assessment may be launched immediately. Code Sections 6201(a), 6203. Petitioner's assessments are not subject to the deficiency notice procedures.

In other words, "it is the assessment, and only the assessment, which sets in motion the collection powers of the Commissioner, powers that include the seizure of assets, the freezing of bank accounts and the creation of liens, all without judicial process." *Philadelphia & Reading Corp.*, 944 F2d 1063, 1064 n. 1 (3d Cir. 1991). Code Sections 6038(b) and 6201(a) do not provide the Commissioner with assessment authority in this case; therefore the Commissioner is unable to use his supercharged collection powers, leaving the Commissioner's powers to suing to reduce the penalty to judgment and collecting it through the judicial process. 28 U.S.C. Section 2461(a).

### C. Statutory Background: Some Penalties Under the Code Are Assessable, Some Penalties Are Not Assessable.

The Code provides different assessment procedures for the assessment of penalties.

*Some penalties are designated as taxes for assessment purposes*. The Commissioner has the authority to assess any taxes. Code Section 6201(a). One method used in the Code to authorize a penalty's assessment provides it be treated as a tax. Code Section 6671(a) provides that the numerous penalties found in subchapter B of chapter 68 of subtitle F (i.e., in Sections 6671–6725) "shall be assessed and collected in the same manner as taxes," subjecting those penalties to the Secretary's assessment authority under section 6201. Code Section 6665(a)(1) contains a similar statement that the additions to tax, additional amounts, and penalties provided in chapter 68 of subtitle F (i.e., in Sections 6651–6751) "shall be assessed, collected, and paid in the same manner as taxes."

*Some penalties have a stand alone assessment authority.* Another method used in the Code is to specifically authorize assessment of a penalty in the enabling Code Sections. Code Sections outside of chapter

7

68 of subtitle F whose violations the Code specifically penalizes commonly (1) contain their own express provision specifying the treatment of penalties or other amounts as a tax or an assessable penalty for assessment and collection, see, e.g., Sections 527(j)(1), 856(g)(5)(C), 857(f)(2)(A), 4980H(d)(1), 5000A(g)(1), 5114(c)(3), 5684(b), 5761(e), 9707(f); (2) contain a cross-reference to a provision within chapter 68 of subtitle F providing a penalty for their violation, see, e.g., Sections 1275(c)(4), 6033(o), 6043(d), 6046(f), 6046A(e), 6420(i)(2), 6421(j)(1), 6427(p)(1), 7501(b); or (3) are covered by a penalty provision within chapter 68 of subtitle F, see, e.g., Sections 6652(c), 6674, 6675, 6677, 6679, 6685, 6686, 6688, 6689, 6690, 6692, 6693, 6695, 6698, 6699, 6704, 6705, 6706, 6707, 6707A, 6708, 6709(c), 6710, 6712, 6714, 6717, 6718, 6719, 6720.

*Some penalties have a group assessment authority.*  Another method used in the Code is to authorize assessment of a penalty belonging in a designated group. See e.g. Code Sections 6201(a), 6671-6725.

*Some penalties result from a designated procedure.* Another method is to authorize assessment of a penalty that results from a specified procedure, such as the deficiency procedures.  When the Code provision

7608340.v7

7608340_9

does not specify whether deficiency procedures apply to a particular penalty, the Tax Court, in making such determination, considers whether the penalty is included in the statutory definition of "deficiency" or whether the penalty depends upon a deficiency or, to the contrary, may be assessed even if there is overpayment of tax. 26 U.S.C.A. § 6201. *Smith v. Commissioner*, 133 T.C. 424, 428-429 (2009).

*Some penalties have no assessment authority.* Another method in the Code provides no assessment authority for a penalty, limiting the Commissioner's collection powers to suing to reduce the penalty to judgment and collect it through the judicial process. 28 U.S.C. Section 2461(a). The Code has explicitly authorized assessment regarding myriad penalty provisions in the Code, but Code Section 6038(b) and other penalty provisions lack any statutory authority for the Commissioner to assess these penalties.  Of course, this does not mean that the Commissioner lacks all powers of collection.  28 U.S.C. Section 2461(a) expressly provides that "[w]henever a civil fine, penalty or pecuniary forfeiture is prescribed for the violation of an Act of Congress without specifying the mode of recovery or enforcement thereof, it may

7608340.v7

be recovered in a civil action."[1]  Both the Petitioner and the Tax Court see this as an adequate collection method for the Commissioner.

### D.    Petitioner's Challenge to the Commissioner

Federal government "agencies have only those powers given to them by Congress." *West Virginia v. EPA*, 142 S. Ct. 2587, 2609 (2022). Petitioner contended that the Commissioner lacks authority to assess the section 6038(b) penalties. Petitioner argued there is no law giving the Commissioner authority to assess penalties under Code Section 6038(b) and that while the United States may collect liabilities for these penalties through a civil action, see 28 U.S.C. § 2461(a), the Commissioner may not assess or administratively collect these penalties.

Petitioner contended that Section 6038(b), like many other penalty sections in the Code, contains no provision authorizing assessment of the

---

[1] We found lots of penalties having no assessment authority and we do not warrant that our list is complete. See e.g., at least eight separate penalties contained in section § 30, § 45, § 48 and § 179; § 4083(d)(3); multiple penalties in § 6038(b), § 6038(c), § 6038A(d), § 6038B(c), § 6038C(c); § 6038D(d), § 6038E; § 6332(d)(2) ; § 6039E(c); §6039G(c); § 5675; § 7268; § 7269; § 7270; § 7271; § 7272; § 7273 and § 7342 have no specific assessment authority. See also Addendum Containing Statutory Materials, below.

penalty it provides for. Therefore, Petitioner argued, a Section 6038(b) penalty is not an assessable penalty, although it may be collected through a civil action. In Petitioner's case, the Commissioner failed to assess the penalty with proper authority; therefore, the Commissioner was prohibited from using the above tools for collecting the penalty because of the improper assessment. Without an authorized assessment, the Commissioner must use the standard collection tools available to ordinary government agencies. The Tax Court agreed.

### E.    The Tax Court's Opinion

The Tax Court agreed with Petitioner's reading of Code Section 6201(a) and 6038(b). The Commissioner does not have the authority to assess the Code Section 6038(b) penalty.

Originally, when this lack of assessment authority issue was brought to the Commissioner's attention, he responded publicly with this argument:

> The IRC provides two methods to assess penalties, either (1) pursuant to deficiency procedures or (2) as assessable penalties, that is, those penalties not subject to deficiency procedures. Penalties under Chapter 61, including IRC § 6038 and § 6038A, are meant to enforce reporting requirements and are not based on the tax shown on a return or the existence of

11

7608340.v7

a deficiency. As such, there is no legal basis for us to apply deficiency procedures to these penalties and the IRS has consistently treated Chapter 61 penalties as assessable. (JA 179)

The Commissioner repeated this "cart before the horse" argument in Tax Court (JA245-246) where it was rejected with a detailed rebuttal by the Tax Court.[2] (JA246-248.)  In this appeal, the Commissioner abandoned this baseless argument (Brief for Appellant, p.9 n. 1 and 26 n.3), so the "cart before the horse" argument is immaterial.

In Tax Court the Commissioner also argued that the term "taxes" in Code Section 6201 is broad enough to encompass section 6038 penalties. In a lengthy rebuttal the Tax Court found the Commissioner's arguments "unavailing".  (JA248-250.)

---

[2] "However, if we were to consider whether section 6038(b) penalties are subject to deficiency procedures without first deciding whether the section 6038 penalties must be paid upon notice and demand and assessed and collected in the same manner as taxes, we would be putting the proverbial cart before the horse. That is because there is no provision in the first place providing that these penalties "must be paid upon notice and demand and assessed and collected in the same manner as taxes." *Smith*, 133 T.C. at 428. Simply put, while section 6038(b) provides for penalties, it does not provide for assessable penalties. Respondent's argument that section 6038(b) penalties are necessarily assessable penalties because they are not subject to deficiency procedures assumes a faulty premise and must be rejected." (JA246-248.)

The Commissioner then cited *Ruesch v. Commissioner*, 154 T.C. 289 (2020), aff'd in part, vacated and remanded in part, 25 F.4th 67 (2d Cir. 2022), for support for his statutory construction arguments arguing that the Tax Court never mentioned the absence of the Commissioner's assessment authority in describing the taxpayer's remedies to challenge an assessment of a Code Section 6038 penalty. Tax Court made short work of that argument "We also reject respondent's reliance on our holding in *Ruesch* because *Ruesch* has no bearing on the issue before us." (JA 251-252.)

Finally, in Tax Court the Commissioner argued that the legislative history surrounding the enactment of penalties in Code Section 6038(b) provides support for his position. The Tax Court correctly found that the legislative history cited said nothing about how Code Section 6038(b) penalties were to be assessed or collected, and the Tax Court correctly rejected this argument.

The Tax Court concluded that Petitioner's reading of the Code was the correct one. The Tax Court concluded that the Commissioner's arguments lacked merit. Code Sections 6201(a) and 6038(b) do not provide the Commissioner with assessment authority and neither do any

13

7608340.v7

other Code Sections. Therefore, the Commissioner is unable to use his supercharged collection powers here.

## SUMMARY OF ARGUMENT

Petitioner's argument here is easy to understand. There is no authority for the Commissioner to assess the Code Section 6038 penalty against Petitioner, or anyone else. Our argument discloses a decades-long program by the IRS assessing billions of dollars of foreign information penalties with no authority, coupled with an obdurate refusal by the Commissioner to fix this problem when it was brought to his attention years ago. The Commissioner's rebuttal arguments, in sum, are also easy to understand: *This lack of authority just cannot be real, because I say it is not real. Ipse dixit.*

7608340.v7

7608340_9

# ARGUMENT

## The Tax Court correctly held that the Code does not authorize assessment of the Section 6038(b) penalty.

### Standard of Review

The Tax Court's determination that the Commissioner lacks assessment authority is a question of law reviewed *de novo*. *See Zuza v. Off. of High Rep.*, 857 F.3d 935, 938 (D.C. Cir. 2017).

### A.    Section 6201 does not authorize assessment of the Section 6038(b) penalty.

Here, for the first time, the Commissioner admits there is no express authorization in Code Section 6038(b) to assess the penalty. (Brief for Appellant, p. 30).[3]  The Commissioner now attempts to recover by inferring authorization from Code Section 6201(a), which states:

> The Secretary is authorized and required to make the inquiries, determinations, and assessments of all taxes (including interest, additional amounts, additions to the tax, and ***assessable penalties***) imposed by this title, or accruing under any former internal revenue law. . .. (emphasis added).

---

[3] Or, as noted by the Tax Court: There is no statutory provision, in the Code or otherwise, specifically authorizing assessment of these penalties. (JA 244.)

7608340.v7

7608340_9

The question is whether the plain language of Code Sections 6201(a) and 6038(b) support a determination that the Code Section 6038(b) penalty is assessable. The Code Sections do not support such a result.

The Code identifies two types of penalties, assessable penalties, and penalties that are not assessable penalties, like the Section 6038 penalties. In note 1, above, Petitioner has identified about three dozen penalties that are not assessable penalties. Nevertheless, the Commissioner attempts to find expressed authorization for a rewrite of Code Section 6201(a) with a complex exercise based on imagined Congressional intent that rewrites the Code's general assessment authority in Code Section 6201(a). According to the Commissioner: "This broad, inclusive language should be read to include all exactions imposed by the Code unless Congress has specifically provided otherwise." (Brief for Appellant, p. 23, 39). No, it shouldn't.

The Commissioner first attempts to redraft Code Section 6201(a) by adding to the parenthetical (including interest, etc.) the words "all exactions imposed by this title," thus making Code Section 6038(b) penalty assessable, as the Commissioner imagines Congress supposedly

16

7608340.v7

intended.  Or, if the Commissioner could delete the parenthetical of Code Section 6201(a) and replace it with "(all exactions imposed by this title)" then the Code Section 6038(b) penalty becomes "assessable" along with every other exaction in the Code, just as the Commissioner imagines Congress supposedly intended.

Petitioner has found no support for the Commissioner's interpretations.  Lacking the Commissioner's mind reading skills, we are forced to read the words of Code Section 6201(a) to determine its meaning. We find that Code Section 6201(a) means what it says, and it does not include assessment authority for the Section 6038(b) penalty.  Incidentally, neither does any other Code Section provide the authority sought by the Commissioner.

The Commissioner then narrows his argument and attempts to modify the word "taxes" in Code Section 6201(a) to include the Section 6038(b) penalty, as the Commissioner imagines Congress supposedly intended. According to the Commissioner, the history of Section 6201 further establishes that it should cover all penalties in the Code, regardless of their label. (Brief for Appellant, p 31.) We acknowledge that for many

7608340.v7

7608340_9

penalties in the Code, Congress uses the device "shall be assessed and collected in the same manner as taxes," subjecting those penalties to the Commissioner's assessment authority under Section 6201(a). But Congress did not use this technique here and the Commissioner's argument is not supported in the law.

The Commissioner then pivots and argues that the assessment of the Code Section 6038(b) penalty, and other penalties, are covered by the terms in the Section 6201(a) parenthetical. If only the Commissioner can delete the word ***assessable*** in the parenthetical and replace it with nothing, then the Code Section 6038(b) penalty becomes "assessable" along with every other penalty in the Code, as the Commissioner imagines Congress supposedly intended. Unfortunately, for this theory, the word "assessable" does appear in the parenthetical and it is reasonable to conclude that Congress included the word "assessable" on purpose to distinguish assessable penalties from penalties that cannot be assessed.

Not giving up, the Commissioner then suggests a theory that requires us to not modify the terms in the parenthetical in

18

Section 6201(a), but add to the terms in the parenthetical based on some imagined Congressional intent. The Commissioner would have us redraw the parenthetical by adding "Section 6038(b) penalties" to the parenthetical so it would now read "(including interest, additional amounts, additions to the tax, and assessable penalties, **and Section 6038(b) penalties**)". The Commissioner seems unable to understand how Congress could have missed this important addition and he presents a solution to support his erroneous assessment theory. The Commissioner's theory is wrong, Section 6201(a) does not give the Commissioner the authority he evidently thinks he is entitled to have.

## B. Section 6201's role in the Code does not indicate that it covers the Section 6038(b) penalty

The Commissioner next moves to his "absurd result" theory:

> If the Section 6038(b) penalty does not fall within Section 6201's assessment authority, it would be the first of its kind: a penalty sitting within the Code without interacting with the extensive enforcement provisions of the Code, but also without express statutory instruction for other enforcement. There is no evidence whatsoever that Congress intended this absurd result. Thus, Section 6201(a) should be read as including

7608340.v7

7608340_9

Section 6038(b) within its assessment authority.
(Brief for Appellant, p.30.)

Please allow us to point out there is no evidence that Congress did not intend this result in this case, and the result is far from absurd. Lots of penalties in the Code have no assessment authority attached to them.  See note 1, above.  It takes little imagination to come up with reasons why Congress created some penalties assessable penalties, and others not.

The Commissioner looked for more absurd arguments. The next absurd argument being that, under the Petitioner's theory, the Commissioner is not required or even authorized to make "inquiries" or "determinations" about the Section 6038(b) penalty as authorized by Code Section 6201(a). There is no absurd result here resulting from the Petitioner's theory. The Commissioner has vast powers to collect data supporting tax administration, with or without Code Section 6201. The Commissioner does not need Code 6201(a) to examine all the issues relating to Section 6038(b) penalties. See e.g., Code Sections 7601 and 7602.   The Commissioner should know this.

7608340.v7

7608340_9

The Commissioner then cites *Nat'l Fed. of Ind. Bus. v. Sebelius*, 567 U.S. 519, 546 (2012) for support that the Section 6038 penalty is covered by Section 6201. In fact, that case supports our position. Please looks at what the Supreme Court states at 567 U.S. 519 at 543-546 in holding that the Anti-Injunction Act, 26 U.S. Code Section 7421, prohibition of suits to restrain assessment or collection, does not apply to the individual mandate penalty because it is a penalty not a tax, even though it is "assessed and collected in the same manner" as taxes just like assessable penalties in Chapter 68B. The point here is that Congress knows how to create a tax and how to create a penalty and how to create rules for each. Here, Congress created no rules for the assessment of our Code Section 6038 penalty.

**C.    The history of Section 6201 does not establish that the parenthetical "all taxes (including interest, additional amounts, additions to the tax, and assessable penalties)" should be given a broad reading here.**

The Commissioner next attempts to identify specific exceptions to the broad grant of assessment authority in Code Section 6201(a) placed in the Code by Congress, and then imagines

7608340.v7

7608340_9

that Congress would think that other exceptions to the Commissioner's assessment authority, such as the one Petitioner argues for here, should not be inferred.

A look through the Code reveals differences in the assessment scheme among penalties and plenty of exceptions to the Commissioner's assessment authority as we outline above. We repeat the exceptions here.[4]

From these different statutory schemes, we can conclude that Congress knows how to draft a tax statute with assessment authority, and Congress also knows how to draft a tax statute without assessment authority. In our case, Congress drafted the Section 6038(b) penalty without assessment authority, thus depriving the Commissioner of his

---

[4] We found lots of penalties having no assessment authority and we do not warrant that our list is complete. See e.g., at least eight separate penalties contained in section §§ 30, 45, 48 and 179; § 4083(d)(3); multiple penalties in §§ 6038(b), 6038(c), 6038A(d), 6038B(c), 6038C(c); 6038D(d), 6038E; § 6332(d)(2); § 5675; § 5761; § 6039E(c); § 6039G(c); § 5675; § 7268; § 7269; § 7270; § 7268; § 7269; § 7270 and § 7271 § 7272; § 7273 and § 7342 have no specific assessment authority.

7608340.v7

7608340_9

supercharged collection powers and requiring the Commissioner to rely on conventional collection tools to collect the Section 6038(b) penalty.

Continuing his quest for favorable Congressional intent, the Commissioner points out that that in the Internal Revenue Code of 1939, Pub. L. No. 76-1, 53 Stat. 1 (1939), the predecessor to Section 6201(a), stated:

> The Commissioner is authorized and required to make the inquiries, determinations, and assessments of all taxes and penalties imposed by this title.

But in the Internal Revenue Code of 1954 the general grant of assessment authority was recodified as our version of Section 6201(a):

> The Secretary or his delegate is authorized and required to make the inquiries, determinations, and assessments of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title, . . .

The Commissioner concluded:

> Nothing in the 1954 text indicates an intent to limit Treasury's previously expansive assessment authority or to limit the scope of penalties that had previously fallen within its ambit." (Brief for Appellant, p. 32.)

7608340.v7

7608340_9

The Commissioner says that Congress noted two specific material changes in the 1954 provision but did not state that the new statutory language of "all taxes (including interest, additional amounts, additions to the tax, and assessable penalties)" effected a material change to "all taxes and penalties." (Brief for Appellant, 32-33.) Please allow an observation here: Congress did not state a lot of things about these changes. What they did state was irrelevant to our problem. In any event, according to the Commissioner, the 1954 change actually ***broadened*** the scope of the penalties covered. We suggest that the change of terminology from "assessments of all taxes and penalties imposed by this title (1939)" to "assessments of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title. . .(1954)" obviously narrowed the scope of penalties assessable under the 1954 Code. In any event, the 1939 Code could not have captured the assessment of our Section 6038(b) penalties before 1954 since that Section 6038(b) did not exist in 1954.[5] The 1939 Code did not capture our Section 6038(b) penalty then, and

---

[5] Code Section 6038 was added by Pub. L. 86–780, § 6(a), Sept. 14, 1960.

7608340.v7

the 1954 Code does not capture assessment of our Section 6038(b)

penalties today.  Those penalties today are not assessable, and the

Commissioner cannot use his administrative collection powers to

collect them.

### D. The Tax Court was correct in determining that Code Section 6201(a) does not apply to Code Section 6038(b) penalties.

The Commissioner says, "It is reasonable to infer that, along with

administering the penalty, the IRS is expected to assess and collect it, in

the absence of any statutory instruction to the contrary." (Brief, p. 27.)

However, we submit that it is reasonable to infer that the Commissioner

should know whether he has the authority to assess and collect billions

of dollars in assessments against tens of thousands of taxpayers. (JA175).

It is reasonable to infer that the Commissioner, once he is put on notice,

should take steps to understand the issue and obtain the appropriate

authority before proceeding.  It is unreasonable for the Commissioner to

suggest here that because he has not been challenged with illegally

assessing these penalties for over 40 years, some sort of *laches* applies

creating authority for him out of nothing. It is unreasonable for the

7608340.v7

Commissioner to contend that because our issue was not litigated earlier, he can continue to exceed his authority.

The Commissioner expects the taxpayers to turn square corners, not cut corners. The same test should be applied to the Commissioner.[6]

Just because the Commissioner has the right administer the Section 6038 penalty, does not necessarily mean he automatically has the power to statutorily assess the penalty and seize the taxpayer's assets absent an immediate payment. The Commissioner can still administer the Section 6038 penalty by contacting the person owing the penalty and demanding payment. The Commissioner can still administer the Section 6038 penalty by informing the person of negative consequences for nonpayment including accruing interest, additional continuation penalties, and a lawsuit in federal court to reduce their debt to judgment

---

[6] See generally, *St. Regis Paper Co. v. United States*, 368 U.S. 208, 229 (1961) (Black, J., dissenting) ("Our Government should not by picayunish haggling over the scope of its promise, permit one of its arms to do that which, by any fair construction, the Government has given its word that no arm will do. It is no less good morals and good law that the Government should turn square corners in dealing with the people than that the people should turn square corners in dealing with their government"); *Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380 at 387–388 (1947) (Jackson, J., dissenting) ("It is very well to say that those who deal with the Government should turn square corners. But there is no reason why the square corners should constitute a one-way street").

7608340.v7

and forcibly collect on the judgment if they do not comply. What he may not do is launch his administrative collection apparatus on the person liable for the Section 6038(b) penalty.

## CONCLUSION

The decision of the Tax Court should be affirmed.

Respectfully submitted,

/s/ Edward M. Robbins, Jr.
Edward M. Robbins, Jr.
*Attorney for the Petitioner-Appellee*

Hochman, Salkin, Toscher, Perez, P.C.
Office: (310) 281-3247
Direct Fax: (310) 859-5129
Cell: (310) 801-4573
9100 Wilshire Blvd., Suite 900W
Beverly Hills, CA 90212

7608340.v7

7608340_9

# ADDENDUM CONTAINING STATUTORY MATERIALS

I.R.C. § 6031(e) requires a Form 1065 Return of Partnership Income for foreign partnerships. The penalty for failure to file is in I.R.C. § 6698, in Chapter 68, which **contains specific assessment authority**.

I.R.C. § 6031(b) requires a partnership to furnish information to the partners. The penalty for failure to furnish is in Temporary Reg. §1.6031(b)-1T. Temporary Reg. §1.6031(b)-1T Statements to Partners

(temporary) states under section (d) that penalties for failure comply with Code § 6031(b) are governed by Code § Sec. 6722(a), in Chapter 68, which **contains specific assessment authority.**

I.R.C. § 6032 - Returns of banks regarding common trust funds requires banks with common trust funds to make a tax return. The section **does not appear to have a separate penalty**.

I.R.C. § 6033 - Returns by exempt organizations. I.R.C. § 6033(o) establishes a penalty for failure to file and provides a reference to § 6652(c), in Chapter 68, which **contains specific assessment authority.**

I.R.C. § 6034 Returns by certain trusts. Penalties that apply are under I.R.C. § 6652(c) and (d) in Chapter 68, which **contains specific assessment authority.**

I.R.C. § 6034A    Information to beneficiaries of estates and trusts—addition to tax for failure to comply with this section. Penalties that apply are under I.R.C. § 6034A(c)(5) in Chapter 68, which **contains specific assessment authority**. Please note that Code Sec. 6034A(c)(5) points to

7608340.v7

7608340_9

additions to tax and additional amounts: "For addition to tax in the case of a beneficiary's negligence in connection with … the requirements of this section, see part II of subchapter A of Chapter 68." However, there appears no explicit reference to Code Sec.

6034A in that section.


I.R.C. § 6034A   Information to beneficiaries of estates

and trusts—effect of failure to notify. Penalties that apply are under I.R.C. § 6034A(c)(3) in Chapter 68, which **contains specific assessment authority.**


I.R.C. § 6035 Basis information to persons acquiring property from the decedent supplied on Form 8971. The penalty related to the failure to file this information appears to have been removed from Code Sec. 6679 back in 2004. The section **does not appear to have a separate penalty**.


I.R.C. § 6036 Notice of qualification as executor or receiver. The section **does not appear to have a separate penalty**.


I.R.C. § 6037 Return of an S-Corporation on Form 1120-S. Penalty for failure to file applicable forms under 6699. Also, the effect of failure to notify inconsistent treatment between entity and beneficiary "shall be … assessed according" to the statute. All in Chapter 68, which **contains specific assessment authority.**


I.R.C. § 6038 Return of a U.S. person with an interest in: Foreign Corporation (FC) on Form 5471. Penalty is in I.R.C. § 6038(b). No cross reference to Chapter 68. **No specific assessment authority.**

7608340.v7

7608340_9

I.R.C. § 6038 Return of a U.S. person with an interest in: Foreign Partnership (FP) on Form 8865. Penalty is in I.R.C. § 6038(b). No cross reference to Chapter 68. **No specific assessment authority.**

I.R.C. § 6038 Return of a U.S. person with an interest in: Foreign Disregarded Entity on Form 8858. Penalty is in I.R.C. § 6038(b). No cross reference to Chapter 68. **No specific assessment authority.**

I.R.C. § 6038 penalty reducing foreign tax credit from a Form 5471. Penalty is in I.R.C. § 6038(c). No cross reference to Chapter 68. **No specific assessment authority.**

I.R.C. § 6038 penalty reducing foreign tax credit from a Form 8865. Penalty is in I.R.C. § 6038(c). No cross reference to Chapter 68. **No specific assessment authority.**

I.R.C. § 6038 penalty reducing foreign tax credit from a Form 8858 for FC or FP with Foreign disregarded entity. Penalty is in I.R.C. § 6038(c). No cross reference to Chapter 68. **No specific assessment authority.**

I.R.C. § 6038A Information Return of a 25% Foreign-Owned U.S. Corporation or a Foreign Corporation Engaged in a U.S. Trade or Business (Under Sections 6038A and 6038C of the Internal Revenue Code) on Form 5472. Penalty is in I.R.C. § 6038A(d). No cross reference to Chapter 68. **No specific assessment authority.**

I.R.C. § 6038A penalty on 25-percent foreign-owned U.S. corporations that fail to: (1) authorize the reporting corporation to act as

agent of a foreign related party, or (2) substantially comply with a summons for information. Penalty is in I.R.C. § 6038A(e). No cross reference to Chapter 68. **No specific assessment authority.**

.

I.R.C. § 6038B Return by a U.S. Transferor of Property to a Foreign Corporation on Form 926. Penalty is in I.R.C. § 6038B(c). No cross reference to Chapter 68. **No specific assessment authority.**

I.R.C. § 6038B Return by a U.S. Transferor of Property to a Foreign Corporation on Form 926. Penalty is in I.R.C. § 6038B(c). No cross reference to Chapter 68. **No specific assessment authority.**

I.R.C. § 6038B Return of U.S. Persons With Respect to Certain Foreign Partnerships on Form 8865, Schedule G, H and O. Penalty is in I.R.C. § 6038B(c). No cross reference to Chapter 68. **No specific assessment authority.**

I.R.C. § 6038C Information Return Foreign Corporation Engaged in a U.S. Trade or Business on Form 5472. Penalty is in I.R.C. § 6038C(c). No cross reference to Chapter 68. **No specific assessment authority.**

I.R.C. § 6038C Information Return Foreign Corporation Engaged in a U.S. Trade or Business on Form 5472. Penalty is in I.R.C. § 6038C(c). No cross reference to Chapter 68. **No specific assessment authority.**

I.R.C. § 6038D Information regarding foreign financial assets—failure to disclose on Form 8938. Penalty is in I.R.C. § 6038D(d). No cross reference to Chapter 68. **No specific assessment authority.**

7608340.v7

7608340_9

I.R.C. § 6038E Information regarding the assignment of lower rates or refunds by foreign producers of beer, wine, and distilled spirits. No penalty is asserted. **No specific assessment authority.**

I.R.C. § 6039. Returns required with certain options on Forms 3921 and 3922. Penalty is in 6721. Reg. §§1.6039-1(d), 1.6039-2(d) provides "For provisions relating to the penalty applicable to the failure to file a return under this section, see Code Sec. 6721" and "Code Sec. 6722," respectively." All in Chapter 68, which **contains specific assessment authority.**

I.R.C. § 6039C Returns regarding foreign persons holding direct investments in U.S. real property interests. Penalty is in I.R.C. § 6652 in Chapter 68. However, the IRS website states that "until such time that regulations under Code Sec. 6039C are issued, these provisions are not operative." There do not appear to be regulations issued. One could argue there **is no assessment authority.**

I.R.C. § 6039D Returns and records regarding certain fringe benefit plans. Penalty is at 6652 in Chapter 68, which **contains specific assessment authority.**

I.R.C. § 6039E Information about resident status. Penalty is in I.R.C. § 6039E(c). § 6039E(c) provides that "failing to provide" required

statement subject to $500 for each failure but there **is no specific assessment authority**. No link to Chapter 68.

I.R.C. § 6039F Information about large gifts received from foreign persons on Form 3520. Penalty section is I.R.C. § 6039F(c). Code Sec. 6039F(c) provides a penalty for "failure to file information" but there is no assessment authority. No link to Chapter 68. However, Code Sec.

5

6039F(c)(1)(B) provides that the taxpayer to whom such penalty is imposed "shall pay [the penalty] (upon notice and demand by the Secretary and in the same manner as tax)". **No specific assessment authority.**

I.R.C. § 6039G Information on individuals losing U.S. citizenship on Forms 8854 and W-8CE. Penalty section is § 6039G(c). I.R.C. § 6039G(c) provides a "penalty" if a required individual "fails to file" a required statement with the Secretary but there is **no specific assessment authority**. No link to Chapter 68.

I.R.C. § 6039H Information regarding Alaska Native Settlement Trusts and Native Corporations on Form 1041-N. Does not assert a penalty. No cross reference to Chapter 68. **No specific assessment authority.**

I.R.C. § 6039I Returns and records regarding employer-owned life insurance contracts on Form 8925. Does not assert a penalty. No cross reference to Chapter 68. **No specific assessment authority.**

I.R.C. § 6039J Information reporting regarding Commodity Credit Corporation transactions. Does not assert a penalty. No cross reference to Chapter 68. **No specific assessment authority**.

I.R.C. § 6046 Returns as to the organization or reorganization of foreign corporations and as to acquisitions of their stock. Penalty is at 6679 in Chapter 68, which **contains specific assessment authority.**

I.R.C. § 6046A Returns regarding payments of remuneration for services and direct sales. Penalty is at 6679 in Chapter 68, which **contains specific assessment authority.**

7608340.v7

7608340_9

I.R.C. § 6048 Information regarding certain foreign trusts' reportable events. Does not assert a penalty. No cross reference to Chapter 68. **No specific assessment authority.**

I.R.C. § 45(b)(7)(B) Group. At least eight penalties in § 30, § 45, § 48 and § 179 contain penalties for failure to satisfy requirements of credits against income taxes. No cross reference to Chapter 68**. No specific assessment authority.**

I.R.C. § 4083(d)(3) Penalty for refusal to permit entry or examination by the Treasury Department to inspect taxable fuels. No cross reference to Chapter 68**. No specific assessment authority.**

I.R.C. § 5675 Penalty for unlawful production or removal of beer. **No specific assessment authority.**

I.R.C. § 6332(d)(2) Penalty for refusing to surrender property subject to levy. No cross reference to Chapter 68**. No specific assessment authority.**

I.R.C. § 7268 Penalty for possessing goods with intent to sell and avoid taxes imposed on the goods. No cross reference to Chapter 68**. No specific assessment authority.**

I.R.C. § 7269 Penalty for failure to produce records. Provides for collection in a civil action in the name of the United States. No cross reference to Chapter 68**. No specific assessment authority.**

7608340.v7

7608340_9

I.R.C. § 7270 Penalty for intentionally evading a tax on insurance policies. No cross reference to Chapter 68. **No specific assessment authority.**

I.R.C. § 7271 Penalty for failure to comply with rules relating to stamps. No cross reference to Chapter 68. **No specific assessment authority.**

I.R.C. § 7272 Penalty for failure to register a business upon which a special tax is imposed. No cross reference to Chapter 68. **No specific assessment authority.**

I.R.C. § 7273 Penalty for offenses relating to special taxes. No cross reference to Chapter 68. **No specific assessment authority.**

I.R.C. § 7342 Penalty for refusal to permit entry or examination by the Treasury Department to inspect taxable items. No cross reference to Chapter 68. **No specific assessment authority.**

7608340.v7

7608340_9

# CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements.

    1.  This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

    [X] this document contains 7271 words, **or**

    [ ] this brief uses a monospaced typeface and contains _____ lines of text.

    2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [X]   this document has been prepared in a proportionally spaced typeface using Word for Microsoft 365 in Century Schoolbook 14, **or**

    [ ]   this brief has been prepared in a monospaced typeface using _____ with _____.

Dated December 6, 2023                    _____/s/ Edward M. Robbins, Jr._____
                                          Edward M. Robbins, Jr.

9