**[ORAL ARGUMENT SCHEDULED FOR FEBRUARY 14, 2024]**

# No. 23-1179

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————

### ALON FARHY,

#### Petitioner-Appellee

v.

### COMMISSIONER OF INTERNAL REVENUE,

#### Respondent-Appellant

———————————

## ON APPEAL FROM THE DECISION OF THE UNITED STATES
## TAX COURT, CASE NO. 10647-21L

———————————

## REPLY BRIEF FOR THE APPELLANT

———————————

DAVID A. HUBBERT
  *Deputy Assistant Attorney General*

FRANCESCA UGOLINI          (202) 514-3361
JENNIFER M. RUBIN          (202) 307-0524
ROBERT J. WILLE            (202) 514-5573
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

15256057.1

-i-

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

**A.    Parties and Amici**.  The parties, intervenors, and amici appearing in the Tax Court and in this Court are Alon Farhy and the Commissioner of Internal Revenue.  There were no amici or intervenors appearing before the Tax Court, and there are no amici or intervenors who have appeared in this Court.

**B.    Rulings Under Review**.  The rulings under review are the Tax Court's decision by Judge L. Paige Marvel, entered on April 18, 2023, and opinion, entered on April 3, 2023, and published at 160 T.C. No. 6.  (*See* JA240–54.)

**C.    Related Cases**.  This case was not previously before this Court or any other appellate court.  Counsel is not aware of any related cases currently pending in this Court or in any other court, as provided in Cir. R. 28(a)(1)(C).

15256057.1

-ii-

# TABLE OF CONTENTS

**Page**

Certificate as to parties, rulings, and related cases ..................................i

Table of contents...........................................................................................ii

Table of authorities .................................................................................... iii

Summary of argument ............................................................................... 1

Argument:

    A.    Under a proper interpretation of the statutory term "all taxes," Section 6201(a) authorizes assessment of the Section 6038(b) penalty............................................................ 4

    B.    The penalties that Farhy contends are un-assessable actually reinforce the Commissioner's argument................ 13

    C.    I.R.C. §§ 7601 and 7602 support the Commissioner's argument ..................................................................... 16

    D.    Farhy's remaining arguments are unavailing...................... 18

Conclusion...................................................................................................23

Certificate of compliance ........................................................................24

# TABLE OF AUTHORITIES

**Cases:**                                                            **Page(s)**

*Bardahl Mfg. Corp. v. United States,*
    452 F.2d 604 (9th Cir. 1971) ........................................................ 11

*Federal Land Bank of St. Paul v. Bismarck Lumber Co.,*
    314 U.S. 95 (1941) ...................................................................... 6

*Helvering v. Morgan's Inc.,*
    293 U.S. 121 (1934) ..................................................................6-7

*Lac du Flambeau Band of Superior Lake Chippewa*
    *Indians v. Coughlin,* 599 U.S. 382 (2023) .............................12-13

*Masters Pharm., Inc. v. DEA,*
    861 F.3d 206 (D.C. Cir. 2017)................................................6, 10

*Motor Fuel Carriers, Inc. v. United States,*
    420 F.2d 702 (Ct. Cl. 1970)....................................................10-11

*National Federation of Independent Business v.*
    *Sebelius,* 567 U.S. 519 (2012).........................................3, 5, 18-19

*Taylor v. United States,*
    292 F. App'x 383 (5th Cir. 2008) ..............................................17

*United States v. Basye,*
    410 U.S. 441 (1973) ...................................................................20

*United States v. Bronstein,*
    849 F.3d 1101 (D.C. Cir. 2017) ..................................................9

*United States v. Ernst & Whinney,*
    735 F.2d 1296 (11th Cir. 1984) .................................................17

*United States v. Foster Lumber Co.,*
    429 U.S. 32 (1976) ...................................................................20

*United States v. Helton,*
    944 F.3d 198 (4th Cir. 2019) ......................................................6

*United States v. Lee, Goddard & Duffy, LLP,*
    No. SACA06-408DOC, 2006 WL 2404137
    (C.D. Cal. June 29, 2006) ..........................................................17

*United States v. Phillip Morris USA Inc.,*
    566 F.3d 1095 (D.C. Cir. 2009) ..................................................6

*United States v. Vance,*
    256 F.2d 82 (6th Cir. 1958) .......................................................15

**Cases (cont'd):**                                                              **Page(s)**

*West Virginia v. EPA*,
  142 S. Ct. 2587 (2023) ................................................................ 21
*Whistleblower 22716-13W v. Commissioner*,
  146 T.C. 84 (2016) .................................................................... 10
*Ysleta Del Sur Pueblo v. Texas*,
  596 U.S. 685 (2022) .................................................................. 14

**Statutes:**

11 U.S.C.:
  § 101(27) ................................................................................. 12

Internal Revenue Code (26 U.S.C.):
  § 30 ........................................................................................ 15
  § 45 ........................................................................................ 13
  § 45(b)(7)(B) ........................................................................... 14
  § 45(b)(7)(B)(i)(II) ................................................................... 14
  § 45(b)(7)(B)(ii) ...................................................................... 14
  § 48(a)(10)(B) .......................................................................... 14
  § 179D(b)(4)(B) ........................................................................ 14
  § 531 ...................................................................................... 11
  § 3640 (1939) ........................................................................... 20
  § 5000A(b)(1) ........................................................................... 18
  § 5000A(g) ........................................................................... 18-19
  § 5761 ..................................................................................... 15
  § 5761(a) ............................................................................ 4, 14
  § 6038 ..................................................................................... 22
  § 6038(b) ........................................ 2-4, 10-11, 13, 15-16, 18, 20-22
  § 6038(c) ................................................................................. 15
  § 6201 ........................................................................ 3, 11, 18, 19
  § 6201(a) ................................................... 1-5, 7-9, 11-16, 18-22
  § 6201(b) .................................................................................. 4
  § 6213 ...................................................................................... 8
  § 6601(f)(3) ............................................................................. 11
  §§ 6651-6658 ........................................................................... 10
  § 6652 .................................................................................. 10, 11

15256057.1

**Statutes (cont'd):**                                                    **Page(s)**

Internal Revenue Code (26 U.S.C.) (cont'd):

§ 6665(a) ........................................................................... 8

§ 6671(a) ........................................................................... 8

§ 6677 ............................................................................. 11

§ 6679 ............................................................................. 11

§ 6686 ............................................................................. 11

§ 6688 ............................................................................. 11

§ 6694–95 ........................................................................ 17

§ 6707 ............................................................................. 11

§ 7268 ............................................................................. 15

§ 7269 ....................................................................... 4, 14-15

§ 7601 ..................................................................... 3, 16-17

§ 7602 ..................................................................... 3, 16-17

§ 7602(a) ....................................................................... 16-17

§ 7602(b) .......................................................................... 17

§ 7604 ............................................................................. 17

§ 7609 ............................................................................. 17

§ 7701(c) ........................................................................... 7


Pub. L. No. 113–295, 128 Stat. 4010 (2014) ............................ 15

**Miscellaneous:**

Antonin Scalia & Bryan Garner, *Reading Law:*
*The Interpretation of Legal Texts* 132 (2012) ........................... 6, 9

**[ORAL ARGUMENT SCHEDULED FOR FEBRUARY 14, 2024]**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

––––––––––––––––––

**No. 23-1179**

**ALON FARHY,**

**Petitioner-Appellee**

**v.**

**COMMISSIONER OF INTERNAL REVENUE,**

**Respondent-Appellant**

––––––––––––––––––

**ON APPEAL FROM THE DECISION OF THE UNITED STATES
TAX COURT, CASE NO. 10647-21L**

––––––––––––––––––

**REPLY BRIEF FOR THE APPELLANT**

––––––––––––––––––

**SUMMARY OF ARGUMENT**

I.R.C. § 6201(a) both requires and authorizes the Treasury

Secretary "to make the inquiries, determinations, and assessments of

all taxes (including interest, additional amounts, additions to the tax,

and assessable penalties) imposed by this title, or accruing under any

former internal revenue law. . . ." As explained in the Commissioner's

opening brief, the assessment authority granted by I.R.C. § 6201(a)

15256057.1

-2-

should be read broadly to cover the penalty imposed by I.R.C. § 6038(b). This interpretation follows from the text of Section 6201(a), its role in the Code, its history, and the absurdities that would result from a narrower interpretation.

Farhy fails to offer a persuasive competing interpretation of Section 6201(a), instead simply asserting that it "means what it says." (Resp. Br. 17.)[1]  But that tautology is no answer to the textual, historical, and practical analysis provided by the Commissioner. Seeking to bolster his position, Farhy repeatedly notes that there are several penalties within the Code for which he claims the IRS lacks assessment authority, presumably because their text contains no explicit authorization.  (*See, e.g.*, Resp. Br. 10 n.1, 22 n.4.)  But some of these provisions contain language suggesting that Congress *did* intend that the IRS have authority to assess the penalties, reinforcing the Commissioner's argument that Section 6201(a) extends to penalties that do not have an express assessment authorization.  And two of the cited penalties are (as discussed in our opening brief) ones that

---

[1] "Opening Br." references are to the Commissioner's appellant brief.  "Resp. Br." references are to Farhy's appellee brief.

-3-

Congress *expressly* said must be collected through a civil lawsuit. Those provisions likewise support the Commissioner's interpretation of Section 6201(a).

Farhy acknowledges the Commissioner's argument (Opening Br. 19-20) that the Tax Court's narrow interpretation of Section 6201(a) hampers the IRS's ability to "make inquiries [and] determinations" regarding liability for penalties. But he counters that the IRS may investigate and administer the Section 6038(b) penalty (but not assess it) under I.R.C. §§ 7601 and 7602. (Resp. Br. 20.) However, these sections only refer to the IRS's authority to investigate a taxpayer's liability for "internal revenue taxes." Thus, these sections actually support the Commissioner's position that the Section 6038(b) penalty is a "tax" for purposes of Section 6201(a).

Farhy's additional arguments are similarly unavailing. He discusses *National Federation of Independent Business v. Sebelius,* 567 U.S. 519 (2012) ("*NFIB*"), but his discussion does not sweep away the clear import of the Supreme Court's interpretation of Section 6201(a) in that case. And he also purports to address the Commissioner's argument that the history of Section 6201 shows that Congress did not

-4-

intend a material change from the 1939 Code's language of "taxes and

penalties," but he wrongly claims that the Court may not draw a

negative implication from Congress's statement that only certain

changes were intended to be material.  Ultimately, none of his

counterarguments alters the conclusion that Section 6201(a) authorizes

the Commissioner to assess all penalties set forth in the Code, unless

Congress expressly provided for an alternative collection mechanism.

Farhy also fails to respond to many key arguments in our opening brief,

suggesting that he has no response to those points.

## ARGUMENT

### A.    Under a proper interpretation of the statutory term "all taxes," Section 6201(a) authorizes assessment of the Section 6038(b) penalty

In our opening brief, we explained that the best interpretation of

Section 6201(a)'s reference to "all taxes (including…) imposed by this

title" is that it covers all exactions imposed by the Code, unless

Congress has explicitly provided otherwise, as it did in I.R.C. § 6201(b)

(listing taxes that may not be assessed) and I.R.C. §§ 5761(a) and 7269

(listing penalties that must be collected via a civil action).  (Opening Br.

14-18.)  This interpretation follows from the broad language of Section

-5-

6201(a), its role in tax enforcement, and its history. (Opening Br. 14-25.)

Farhy does not offer a counter-interpretation of the term "all taxes" in Section 6201(a). Rather, he only offers the tautology that it "means what it says." (Resp. Br. 17.) But it is no help to declare that Section 6201(a) "means what it says." The term "all taxes" in Section 6201(a)—with the parenthetical's modification—is neither a term of art nor self-explanatory. Indeed, as the Supreme Court recognized in *NFIB*, 567 U.S. at 546, Section 6201(a) defines the term "all taxes" more broadly than its normal usage. (*See* Opening Br. 14-16; *infra*, 6-8.) Thus, this Court should use additional interpretive tools to determine its reach. (*See* Opening Br. 14-17, 19-23.)

Farhy incorrectly asserts that the Commissioner's interpretation "rewrite[s]" Section 6201(a) by "adding" to its parenthetical the term "all exactions imposed by this title." (Br. 16-17.) He instead argues that Section 6201(a) only applies to penalties that have an explicit assessment authorization. (*See, e.g.*, Resp. Br. 21 (claiming that "Congress knows how to create a tax and how to create a penalty and how to create rules for each").) This argument is directly contrary to

-6-

how the statutory term "including" is interpreted.  As this Court has

explained, "it is well established that the word 'include' often precedes a

list of 'illustrative' examples. . . ."  *Masters Pharm., Inc. v. DEA*, 861

F.3d 206, 221 (D.C. Cir. 2017) (quoting *Federal Land Bank of St. Paul v.*

*Bismarck Lumber Co.*, 314 U.S. 95, 100 (1941)).  Thus, "the term

'including' is not one of all-embracing definition, but connotes simply an

illustrative application of the general principle."  *Federal Land Bank of*

*St. Paul*, 314 U.S. at 100.  *See also Helvering v. Morgan's Inc.,* 293 U.S.

121, 125, n.1 (1934) ("the verb 'includes' imports a general class, some of

whose particular instances are those specified in the definition"); *United*

*States v. Helton,* 944 F.3d 198, 206 (4th Cir. 2019) ("Because 'include'

and its variations are more often than not the introductory term for an

incomplete list of examples, their use before a list is afforded a

presumption of nonexclusivity in statutory interpretation.") (cleaned

up); Antonin Scalia & Bryan Garner, *Reading Law: The Interpretation*

*of Legal Texts* 132 (2012) ("[T]he word *include* does not ordinarily

introduce an exhaustive list …. That is the rule both in good English

usage and in textualist decision-making.") (citing *United States v.*

*Phillip Morris USA Inc.,* 566 F.3d 1095, 1115 (D.C. Cir. 2009), as an example).

And this principle expressly applies whenever the term "including" appears in the Internal Revenue Code, as I.R.C. § 7701(c) states: "The terms 'includes' and 'including' when used in a definition contained in this title shall not be deemed to exclude other things otherwise within the meaning of the term defined." *See, e.g., Morgan's Inc.,* 293 U.S. at 125, n.1 (noting the 1926 version of this statute in interpreting the scope of a tax statute). While touting the text of Section 6201(a), Farhy utterly fails to acknowledge the statute's use of "including" or to respond to our argument that "including" signals a non-exhaustive list of items that are considered "taxes" for Section 6201(a) purposes.

Instead of providing an interpretation of the term "all taxes," Farhy instead claims that penalties are cleanly separated into distinct categories for assessment purposes, namely: 1) penalties designated as taxes, 2) penalties having a standalone assessment authority, 3) penalties having a "group assessment authority," 4) penalties resulting from a designated procedure, and 5) penalties with no assessment

-8-

authority.  (Opening Br. 7-9.)  But a closer inspection of Farhy's asserted framework shows that Section 6201(a) is the root authority for these categories: categories 1 and 3 both boil down to I.R.C. §§ 6665(a) and 6671(a), which state that "additions to the tax," "additional amounts," and "penalties provided by" Chapter 68, which includes "assessable penalties," may be assessed.  But Section 6201(a) already says that.  Most of the penalties listed in category 2 are located in or cross-referenced to Chapter 68 (as Farhy notes, Resp. Br. 8) and therefore may be assessed under Section 6201(a), Section 6665(a), *and* Section 6671(a).  And category 4 refers to taxes and penalties covered by deficiency procedures.  But deficiency procedures are a *restriction* on assessment (*see* I.R.C. § 6213, entitled "Restrictions Applicable to Deficiencies").  The ultimate authority for assessing the taxes, penalties, and interest that are subject to deficiency procedures is still Section 6201(a).

We submit that the better understanding of this confusing and overlapping patchwork of provisions is that Congress granted the Treasury Secretary general assessment authority for all exactions imposed by the Code in Section 6201(a), and the other Code sections

-9-

catalogued by Farhy—which in most cases do *more* work than just provide assessment authority—reflect a belt-and-suspenders approach to the extent they reiterate the assessment authority.  *See* Scalia & Garner, *Reading Law* at 176-77 ("Sometimes drafters *do* repeat themselves and *do* include words that add nothing of substance, either out of a flawed sense of style or to engage in the ill-conceived but lamentably common belt-and-suspenders approach."); *see, e.g., United States v. Bronstein,* 849 F.3d 1101, 1110 (D.C. Cir. 2017) (noting belt-and-suspenders problem in criminal statute but refusing to find unconstitutional vagueness).

Farhy also argues that the Commissioner's argument renders the term "assessable" in Section 6201(a) surplusage.  (Resp. Br. 18.)  Not so.  At the outset, Farhy's argument that "Congress included the word 'assessable' on purpose to distinguish assessable penalties from penalties that cannot be assessed" is circular.  (*Id.*)  Section 6201(a) is what makes an "assessable penalty" assessable; the suggestion that a provision *outside* Section 6201(a) is needed to determine that a penalty is assessable begs the question why "assessable penalty" is included in Section 6201(a) at all.  We submit that the term "assessable penalty"—

-10-

like other terms in the parenthetical—is illustrative rather limiting. *Masters Pharm.*, 861 F.3d at 221.  The Court need not define the boundaries of the term "assessable penalty" in this case, or even the outer bounds of the phrase "all taxes (including …)."  Rather, it need only recognize that the phrase "all taxes . . . imposed by this title," as modified by the parenthetical, is broad enough to capture the Section 6038(b) penalty.

The breadth of the phrase at issue is reinforced by the fact that it includes the generic category of "additional amounts."  While "additional amounts" does not include every conceivable monetary sum, it includes, at the very least, various penalties listed in Chapter 68, subchapter A (I.R.C. §§ 6651-6658).  *See Whistleblower 22716-13W v. Commissioner,* 146 T.C. 84, 92–96 (2016).  Among those penalties are penalties for failure to file various information returns (I.R.C. § 6652), and the Section 6038(b) penalty is like those penalties.  Although the Tax Court has sought to limit the term "additional amounts" to penalties listed in Chapter 68, the Court of Claims has rejected that limitation.  *See Motor Fuel Carriers, Inc. v. United States*, 420 F.2d 702, 706-07 (Ct. Cl. 1970) (holding that the accumulated earnings tax

imposed by I.R.C. § 531 was an "assessable penalty, additional amount, or addition to the tax" for purposes of I.R.C. § 6601(f)(3) even though it is not found in Chapter 68; using "ordinary English," "it can easily be characterized as an 'additional amount' or an 'addition to the tax.'"); *accord Bardahl Mfg. Corp. v. United States,* 452 F.2d 604, 605 (9th Cir. 1971) (adopting reasoning of *Motor Fuel*).

Farhy makes no response whatsoever to our argument that the Section 6038(b) penalty is similar in nature to the types of penalties specifically identified in Section 6201(a)'s non-exhaustive parenthetical. (Opening Br. 16-17.) As we argued, the Tax Court acknowledged that "there is no indication that this list is necessarily exclusive," but it erroneously thought that "[n]one of these limited inclusions in the term 'taxes ... imposed by this title' in section 6201 has any similarity to a fixed-dollar information reporting penalty." (Opening Br. 16-17.) As noted above, "additional amounts" includes several fixed-dollar reporting-failure penalties (I.R.C. § 6652), as does the list of "assessable penalties" in Chapter 68 (I.R.C. §§ 6677, 6679, 6686, 6688, 6707).

Finally, Farhy's overarching argument that explicit assessment authority is needed beyond that provided in Section 6201(a) is

-12-

undermined by the fact the courts routinely interpret statutes to cover

matters that are not explicit in the statute.  For example, in *Lac du

Flambeau Band of Superior Lake Chippewa Indians v. Coughlin*, 599

U.S. 382, 388-390 (2023), the Supreme Court held that an Indian tribe

is a "governmental unit" under the broad definition in 11 U.S.C.

§ 101(27), despite a long list of illustrative examples that does not

include Indian tribes.  The Supreme Court rejected the tribe's argument

that a specific reference to "tribes" was needed and instead decided that

tribes are included based on the "strikingly broad scope" of the statute.

*Id.* at 389.  Notably, the Supreme Court did not consider it necessary to

determine whether Indian tribes fit into any of the enumerated types of

governmental units listed in the definitional statute.

The same analysis should apply here.  The clear thrust of Section

6201(a) is to cover the waterfront by granting Treasury the authority to

make "inquiries, determinations, and assessments of all taxes

(including interest, additional amounts, additions to the tax, and

assessable penalties) imposed by this title, or accruing under any

former internal revenue law."  This broad coverage—reaching to all of

title 26 and even *former* tax laws—"exudes comprehensiveness."

-13-

*Coughlin*, 599 U.S. at 388. The parenthetical list of items included with "taxes" references interest and three types of penalties. Given that "including" signals an illustrative list and not an exhaustive one, it is reasonable to conclude that the Section 6038(b) penalty is covered by Section 6201(a), regardless of whether it is an "assessable penalty," "additional amount," or just another penalty "imposed by this title [26]."

**B.    The penalties that Farhy contends are un-assessable actually reinforce the Commissioner's argument**

Farhy identifies several penalties within the Code for which he claims the IRS lacks assessment authority, presumably because their text contains no express assessment authorization. (Resp. Br. 10 n.1, 22 n.4.) Notably, Farhy does not identify any cases holding that the IRS lacks the authority to assess these penalties. In any event, although the cited penalty provisions do not use the magic language that Farhy asserts is necessary to authorize assessment, some of the cited provisions contain language suggesting that Congress *did* intend that the IRS have authority to assess them, reinforcing the Commissioner's argument.

For example, Farhy contends that the IRS lacks authority to assess a penalty in I.R.C. § 45, presumably referencing the penalty in

-14-

I.R.C. § 45(b)(7)(B)(i)(II) for the failure to pay prevailing wages in the construction of certain qualified facilities.  (Resp. Br. 10 n.1, 22 n.4.)  But Section 45(b)(7)(B)(ii) says deficiency procedures do not apply to the "assessment or collection" of this penalty.  I.R.C. § 45(b)(7)(B)(ii).  This language would be meaningless if the penalty could not be assessed in the first place.  But the only possible source of assessment authority for this penalty is Section 6201(a).[2]  Thus, under Farhy's reading of Section 6201(a), Section 45(b)(7)(B)(ii) is superfluous and makes no sense.  *See Ysleta Del Sur Pueblo v. Texas*, 596 U.S. 685, 698–99 (2022) (noting that the Court normally seeks "to construe Congress's work so that effect is given to all provisions, so that no part will be inoperative or superfluous, void or insignificant") (cleaned up).

Farhy also points out two penalties—in I.R.C. §§ 5761(a) and 7269—which the Commissioner discussed in his opening brief.  (Opening Br. 30.)  These sections expressly provide that the penalties should be recovered in a civil suit.  Thus, where Congress intended to

---

[2] I.R.C. §§ 48 and 179D, which Farhy also identifies, merely say that "[r]ules similar to the rules of section 45(b)(7)(B) shall apply."  I.R.C. §§ 48(a)(10)(B), 179D(b)(4)(B).  Therefore, this same analysis applies to those provisions.

-15-

make a penalty un-assessable, it has explicitly directed that it be recovered in a civil suit.  Farhy does not address this argument when citing Sections 5761 and 7269.

Otherwise, Farhy cites to a number of Code sections that simply fail to support his point.  (Resp. Br. 10 n.1.)  He cites Section 30 as containing an un-assessable penalty, but Section 30 has been repealed. *See* Pub. L. No. 113–295, div. A, title II, § 221(a)(2)(A), 128 Stat. 4010, 4037 (2014).  He claims that the Section 6038(c) penalty lacks assessment authority, but as explained in our opening brief (at 21), that penalty works by reducing the foreign tax credit, which, in turn, increases the tax.  And taxes may be assessed under Section 6201(a). Finally, Farhy cites to a number of Code sections that involve criminal offenses.  *See, e.g., United States v. Vance*, 256 F.2d 82 (6th Cir. 1958) (prosecution for violating I.R.C. § 7268).

In short, the list of penalties cited by Farhy does not help him, and it actually supports the Commissioner's interpretation of Section 6201(a) as authorizing the assessment of penalties, including the Section 6038(b) penalty, which include neither specific assessment authority nor text requiring collection through a civil lawsuit.

## C.     I.R.C. §§ 7601 and 7602 support the Commissioner's argument

In our opening brief, we explained that the Tax Court's holding has the anomalous effect of treating the Section 6038(b) penalty as outside of Section 6201(a)'s mandate that the Commissioner make "inquiries" and "determinations" of tax liability.  (Opening Br. 19-20.) Farhy argues that I.R.C. §§ 7601 and 7602 authorize the Commissioner to make inquiries and determinations regarding Section 6038(b) penalties.  (Resp. Br. 20.)  In so doing, Farhy ignores the text of those provisions, which actually support the Commissioner's point.

Section 7601 provides that the Secretary of the Treasury may make inquiries of "all persons therein who may be liable to pay *any internal revenue tax*, and all persons owning or having the care and management of any objects with respect to which any tax is imposed." I.R.C. § 7601 (emphasis added).  It does not mention penalties— assessable or otherwise.  Section 7602(a) provides for the authority to examine records and issue summonses, but it only refers to "any

15256057.1

internal revenue tax" without mentioning penalties.  I.R.C. § 7602(a).[3]

Thus, Sections 7601 and 7602 are examples of Congress using the term

"taxes" in a way that encompasses "penalties."  *See United States v. Lee,*

*Goddard & Duffy, LLP*, No. SACA06-408DOC (RNBX), 2006 WL

2404137, at *3 (C.D. Cal. June 29, 2006) (noting that that an

investigation for promoter penalties is a legitimate purpose for a

summons issued under Section 7602).  *See also United States v. Ernst &*

*Whinney*, 735 F.2d 1296, 1305 n.16 (11th Cir. 1984) ("The IRS has the

ability to seek taxpayer records from Ernst, 26 U.S.C.A. §§ 7602, 7609,

compel disclosure, 26 U.S.C.A. § 7604, and ultimately assess penalties

against Ernst for preparing improper returns. 26 U.S.C.A. §§ 6694–5.").

Thus, Sections 7601 and 7602 support the Commissioner's contention

---

[3] Section 7602(b) extends the summons authority to investigation of "any offense connected with the administration or enforcement of the internal revenue laws."  But the courts have noted that this provision was primarily intended to clarify that the summons authority is available in criminal investigations.  *See Taylor v. United States*, 292 F. App'x 383, 386 (5th Cir. 2008) ("Section 7602(b), added in 1982 to the statutory framework for IRS summonses, simply codified the extension of the IRS's summons power to investigations of a taxpayer's criminal tax-related liability.").  Its enactment was not intended to suggest that the IRS's authority under Section 7602(a) did not previously apply to penalties.

-18-

that Section 6201(a) should be interpreted as authorizing the IRS to

assess the Section 6038(b) penalty, as well as to make inquiries and

investigations supporting assessment.

### D.   Farhy's remaining arguments are unavailing

Farhy seeks to respond to three other arguments made in the

Commissioner's opening brief, but each of his scant responses are

unpersuasive.  His remaining arguments likewise lack merit.

1.   As we stated in our opening brief (at 21-22), the Supreme

Court acknowledged in *NFIB*, 567 U.S. at 546, that Section 6201

occupies a unique place in the Code, in that it equates taxes with

assessable penalties for assessment purposes but not all purposes.

(Opening Br. 21-22.)  Farhy refers to *NFIB* (Resp. Br. 21), but does not

squarely respond to the Commissioner's point regarding the case.

Farhy points out (Resp. Br. 21) that the Supreme Court's statement

about Section 6201 was made in the context of determining that the

"individual mandate" in I.R.C. § 5000A(b)(1) is a penalty and not a tax

for purposes of the Anti-Injunction Act, but he does not engage with the

Court's discussion of Section 6201.  To be sure, I.R.C. § 5000A(g)

provides that the individual mandate should be assessed and collected

-19-

in the same manner of taxes—but that does not alter the Supreme Court's acknowledgment in *NFIB* that Section 6201(a) authorizes assessment of taxes and penalties. And, as discussed (Opening Br. 26-27), a provision (such as Section 5000A(g)) which specifies the means of collecting a penalty is not inconsistent with a broad grant of assessment authority in Section 6201(a).

2. The Commissioner also argued that the legislative history of the Internal Revenue Code of 1954 shows that Congress did not intend any material change regarding the scope of the IRS's pre-existing authority to assess penalties. (Resp. Br. 21-24.) As we explained, in the legislative history of the 1954 Code, Congress noted two material changes from the predecessor to Section 6201(a)—but did not note any material change regarding the scope of assessment authority over penalties, despite the change in language. Farhy does not deny this legislative history, but solely asserts that Congress "did not state a lot of things about these changes" and "[w]hat they did state was irrelevant to our problem." (Resp. Br. 24.) Congress's statements that it had made two specific material changes in Section 6201 are not "irrelevant." Rather, those statements are evidence that other changes in the text of

Section 6201(a) were *not* material changes.  *See, e.g., United States v. Foster Lumber Co.,* 429 U.S. 32, 46 (1976) (where legislative history noted other material changes, "the complete failure of the Committee Reports in any way to indicate the shift in policy the respondent claims to discern in the 1954 Code revision" was persuasive evidence against the respondent's interpretation); *United States v. Basye*, 410 U.S. 441, 453 n.14 (1973) ("Nothing in the legislative history suggests that any substantive change was intended by the deletion of this phrase from the 1954 Code revisions.").  This, in turn, implies that Congress did not intend "all taxes (including…)" to be materially different from the prior phrase, "taxes and penalties."

Farhy notes that the Section 6038(b) penalty did not exist in 1954. (Resp. Br. 24.)  However, the question here is how to interpret the text of Section 6201(a).  Under the language of Section 6201(a)'s predecessor, the IRS was authorized "make the inquiries, determinations, and assessments of *all taxes and penalties imposed by this title*, or accruing under any former internal revenue law."  I.R.C. § 3640 (1939) (emphasis added).  That language plainly would apply to the Section 6038(b) penalty, which is a "penalt[y] imposed by this title."   The fact that

-21-

Congress did not cite any material change to the scope of the IRS's penalty assessment authority in the legislative history of Section 6201(a) supports our argument that Section 6201(a) should be interpreted as providing the same penalty assessment authority as did its predecessor. That penalty assessment authority should cover penalties, such as Section 6038(b), which would have been covered by Section 6201(a)'s predecessor—regardless of when those penalties were first enacted.

3.      As the Commissioner argued in his opening brief (at 27), it is reasonable to infer that, along with administering the penalty, the IRS is expected to assess and collect it in the absence of any statutory instruction to the contrary. Farhy responds by conceding that the IRS *is* permitted to administer the penalty but contending that the IRS is not permitted to assess it. (Resp. Br. 25-27.) Again, the same provision that permits the IRS to administer the penalty (Section 6201(a)) also allows the IRS to assess it.

4.      Finally, Farhy alludes to the "major questions" doctrine, citing *West Virginia v. EPA*, 142 S. Ct. 2587, 2609 (2023), but there can be no real dispute that Congress granted the Treasury Secretary broad

-22-

powers to assess tax-related penalties.  (Resp. Br. 10.)  Rather, the

question is simply whether the indisputably broad grant in Section

6201(a) covers the particular penalty at issue.

As discussed in our opening brief (at 20), the information

reporting required under Section 6038 assists the IRS in determining

whether taxpayers have reported all of their income from foreign

businesses, which Farhy admitted he failed to do (Opening Br. 7).  He

owed additional taxes as a result (JA242 n.3), and he was also assessed

fixed-dollar penalties for his willful failure to report under Section

6038(b).  This critical tax-enforcement penalty has been assessed by the

IRS since its enactment in 1982.  In that 40-year period, Congress has

never seen fit to stop the IRS from doing so, despite making other

amendments to Section 6038, including increasing the penalty to its

current maximum amount in 1997.  (*See* Opening Br. 5-7, 28-29 & n.4.)

-23-

## CONCLUSION

For the foregoing reasons, the decision of the Tax Court should be reversed and remanded with instructions to enter decision in favor of the Commissioner.

Respectfully submitted,

DAVID A. HUBBERT
  *Deputy Assistant Attorney General*

/s/ Robert J. Wille

| | |
|---|---|
| FRANCESCA UGOLINI | (202) 514-3361 |
| JENNIFER M. RUBIN | (202) 307-0524 |
| ROBERT J. WILLE | (202) 514-5573 |

  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

JANUARY 17, 2024

# CERTIFICATE OF COMPLIANCE

## Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

1.  This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

     [X]   this document contains <u>4,213</u> words, **or**

     [ ]   this brief uses a monospaced typeface and contains _____ lines of text.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

     [X]   this document has been prepared in a proportionally spaced typeface using Word for Microsoft 365 in Century Schoolbook 14, **or**

     [ ]   this brief has been prepared in a monospaced typeface using _____ with _____.

(s)    <u>/s/ Robert J. Wille</u>

Attorney for <u> Appellant </u>

Dated: <u>    January 17, 2024 </u>