U.S. Department of Justice

Tax Division

*Please reply to: Appellate Section*

| | |
|---|---|
| *Facsimile No. (202) 514-8456* | *P.O. Box 502* |
| *Telephone No.(202) 514-3361* | *Washington, D.C. 20044* |

DAH:FMU
5-25129
CMN 2023100785                                               February 20, 2024

Via ECF

Mark Langer, Clerk of Court
E. Barrett Prettyman U.S. Courthouse
And William B. Bryant Annex
333 Constitution Ave., NW
Washington, DC 20001

      Re:   *Alon Farhy v. Commissioner of Internal Revenue*
                 <u>(Case No. 23-1179)</u>

Dear Mr. Langer:

      During oral argument on February 14, 2024, the Court asked the Commissioner's counsel about *Our Country Home Enterprises, Inc. v. Commissioner*, 855 F.3d 773 (7th Cir. 2017), and that opinion's impact on the IRS's administration of the Section 6038(b) penalty. Having read the opinion and conferred with IRS Chief Counsel, we submit the following additional information.

      In *Our Country Home*, the court held that a taxpayer was precluded from challenging its liability for a reporting penalty in a collection due process (CDP) hearing because the taxpayer had previously contested its liability for the penalty in an administrative conference with IRS Appeals. This holding flowed from I.R.C. § 6330(c)(2)(B), which states that a "person may … raise at the [CDP] hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." The Seventh Circuit held that the IRS Appeals conference counted as "an opportunity to dispute" the penalty liability within the meaning of § 6330(c)(2)(B) and an applicable Treasury regulation.

Regarding the Section 6038(b) penalty, if the taxpayer is offered an administrative conference with IRS Appeals, then under the holding of *Our Country Home*, the taxpayer would be precluded from contesting his penalty liability in a later CDP hearing. The taxpayer would not be barred from having a CDP hearing entirely, but the issues he could raise would be limited by § 6330(c)(2) and (4). The taxpayer could, however, contest his liability for the penalty in a post-payment refund suit. If the taxpayer did not receive an offer to meet with IRS Appeals, then he would be free to challenge his liability for the penalty in a CDP hearing.

In this case, the record does not disclose whether Alon Farhy was offered an administrative conference with IRS Appeals prior to his CDP hearing. However, the notice of determination issued after the CDP hearing states that "[y]ou did not dispute the assessed liability. At the same time, you cannot dispute the assessed liability as they are based on an agreed examination assessment." (JA16.) Thus, the issue presented in *Our Country Home* apparently was not implicated in this case. We also note that if the Section 6038(b) penalty cannot be assessed by the IRS, then taxpayers would have no right to an administrative hearing with IRS Appeals or to a CDP hearing.

*Our Country Home* also notes that the taxpayer at issue was involved in "two contemporaneous proceedings," one involving the reporting penalty, and the other concerning penalties subject to deficiency procedures. *See* 855 F.3d at 780. This Court asked whether a similar coordination issue could occur if the IRS assesses a Section 6038(c) penalty but must refer a Section 6038(b) penalty to the Department of Justice for collection. The answer is yes, a taxpayer could end up in contemporaneous Tax Court and district court proceedings stemming from those adjustments.

        Respectfully submitted,

        /s/ Francesca Ugolini

        FRANCESCA UGOLINI
        Chief
        Appellate Section, Tax Division